It is hereby
ORDERED that the Order set forth below is hereby signed as an order of the court to be entered by the clerk.

Signed: November 10, 2004.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re<br><br>JANIS STEWART,<br><br>        Debtor.<br>_____<br><br>JANIS STEWART,<br><br>        Plaintiff,<br><br>      v.<br><br>CAPITAL CITY MORTGAGE CORP.,<br><br>        Defendant. | Case No. 00-00046<br>(Chapter 13)<br><br><br><br><br><br><br><br>Adversary Proceeding No.<br>02-10020 |

## ORDER

Pursuant to a decision of this date, it is

ORDERED that:

1. Capital City Mortgage Corp. ("Capital City") shall record the 1996 Settlement Agreement, Note, and Deed of Trust (collectively "the Agreement") with the Recorder of Deeds for

#35

the District of Columbia and return the previous deed of trust to Ms. Stewart;

2. Capital City shall construct a new loan ledger/spreadsheet (using whatever software used by Capital City in the ordinary course of business to administer its residential loans) with the interest rate, payment due dates, maturity date, and other material terms as set forth in the Agreement. That new loan ledger should start on August 1, 1996 with a principal of $37,500, and reflect the history of the account to date, reflecting the charges disallowed, allowed, or added by this court.

3. Capital City shall continue to utilize this loan ledger (or a similar one, in compliance with this court's order and the Agreement with respect to allowed and disallowed charges and interest computation) to service the loan until such date as the loan matures, the debtor pays the Note in full, the Note is transferred or a fully executed foreclosure sale occurs.

4. The revised loan ledger shall reflect the following:

   A. Capital City is not authorized to charge the debtor for any repair charges based on the 1997 Notice and Order of Condemnation. Capital City attempted to charge the debtor a total of $862.11 for those repairs.

Those charges are disallowed.

B. Capital City is not allowed to charge interest on any portion of the $627.17 that Capital City paid Allstate Insurance (and which was subsequently returned to Capital City).

C. Capital City's payment of that insurance bill did not constitute a default under the terms of the agreement, and any charges based on treating the payment as a default are disallowed.

D. Capital City is allowed to collect a total of $1,723.81 in real estate tax payments from the debtor. In addition, Capital City will not be allowed to collect 9% (the note rate) in simple interest on the amounts paid. However, Capital City is allowed to collect the statutory 6% interest on each payment, from the date of payment.

E. Ten late charges of $19.04 each, totaling $190.40, will be added to the debtor's account on the 16th of the month in which they were incurred. Those are one-time entries and no interest will accrue on those amounts.

F. The loan ledger shall reflect that 10 payments were missed in 1998 and 1999, in the months that those

payments were actually missed.

G. The loan ledger shall reflect that the debtor was behind six payments after she made the $1,523.20 payment in July 1999.

H. Interest will not be allowed to accrue on interest in the servicing of this loan. "Interest on interest," "deferred interest" or "interest on escrow" charges will not be permitted as they are not in accordance with the agreement between the parties.

I. Capital City is not allowed any fees for in-house counsel or in-house courier services.

J. A December 1999 charge not appearing to the court to be on the current loan ledger, a $20 charge from the Recorder of Deeds, is allowed. A $1 Notary charge from that same time period is also allowed.

K. A $75 charge for a canceled foreclosure sale in January 2000 is allowed.

L. A $75 charge for the filing of a lift stay motion in June 2000 is allowed.

M. An April 1998 bad check charge of $25 is allowed.

N. An October 1998 inspection fee of $95 is allowed.

  O. A $5 copy charge and a $3 cab far charge in July 2000 are allowed.

  P. All charges not specifically allowed in this order are disallowed (other than the regular accrual of simple interest on the principal, and additional charges that arose after the trial of this matter and that are not addressed by this order). The allowed charges in paragraphs J through O, above, shall bear interest at 6% per annum from the date of demand on the debtor either by way of the proof of claim or an exchange of exhibits showing the charge as having been incurred.

5. Within 30 days after entry of this order, Capital City shall present this court with a revised loan ledger from August 1996 to the present.

6. Within 30 days after entry of this order, Capital City shall present this court with a revised loan ledger from the period of August 1, 1996 until December 31, 2002 (the date used by the Offer of Judgment in calculating the amount offered). 7. The debtor shall respond to the revised loan ledgers within 15 days.

8. Within 30 days after entry of this order, the debtor's counsel shall present this court with a statement of attorney's fees incurred in enforcing the Agreement and

Release through the date of the trial of this proceeding.

9. Capital City shall file a response to the debtor's attorney's statement of fees within 15 days after service.

10. This court will hold a scheduling conference on January 18, 2005 at 9:30 a.m. to address disposition of the remaining issues.

**End of Order**

Copies to:

Charles Acker, III
1223 11th St., N.W.
Washington, DC 20001

Leticia M. Watson
1223 11th St. NW
Washington, DC 20001

Marcia K. Docter
DOCTER, DOCTER & LYNN, P.C.
666 11th St., NW
Suite 1010
Washington, DC 20001