**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JANICE STEWART | ) | |
| | ) | |
|     Appellant | ) | Civil Action No. 05-1586 |
| v. | ) | (James Robertson, Jr., Judge) |
| | ) | |
| CAPITAL CITY MORTGAGE CORP. | ) | (Bankruptcy Case No. 00-00046; |
| | ) | (Adversary Proceeding No. 02-10020) |
|     Appellee | ) | |

## BRIEF OF APPELLANT

    Janice Stewart, Appellant, by and through her counsel, submits this brief for the Court's consideration.

                              Respectfully submitted,

                              */s/ Marcia K. Docter*
                              Marcia K. Docter #96024
                              801 Pennsylvania Avenue, N.W. #1101
                              Washington, DC 20004
                              (202) 669-5348

                              */s/ David E. Lynn*
                              David E. Lynn #360397
                              11300 Rockville Pike, Suite 408
                              Rockville, MD 20850
                              (301) 255-0100

                              Attorneys for Appellant

Table of Contents

Page

1. Basis of Appellate Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

2. Issue Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

3. Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

4. Background Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5. Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

6. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

7. Appendix

<u>Citations</u>

28 U.S.C. § 158(a)(1).

*Gordon v. Gouline*, 1995 U.S. Dist. Lexis 20852 [D.D.C. 1995].

*Landstar Inway, Inc. v. United States of America*, 1995 U.S. Dist. Lexis 15007 [D.D.C. 1995].

*American Hospital Association v. Sullivan*, 290 U.S. App. D.C. 397, 938 F.2d 216, 219 [D.C. Cir. 1991].

Basis of Appellate Jurisdiction

Jurisdiction is based upon 28 U.S.C. § 158(a)(1).

Issue Presented

Whether a provision for attorney's fees to the prevailing party in the event of breach contained in an agreement to modify a predatory note extends to the enforcement of the note which is the essence of the agreement.

Standard of Review

The Bankruptcy Judge concluded, as a matter of law, that the attorney's fee provision at issue did not extend to enforcement of the promissory note.  A bankruptcy court's conclusion of law is subject to de novo review. *Gordon v. Gouline*, 1995 U.S. Dist. Lexis 20852 (D.D.C. 1995).

Background Discussion/Facts of The Case

This matter comes before this Court upon an appeal of the decision of the Bankruptcy Court for the District of Columbia to reduce a fee request of Appellant's counsel from $31,000 to $11,429.66. Appellant's (Stewart's) request for attorney's fees was based on a provision in a loan modification agreement entered into between Stewart and Capital City Mortgage Corporation (Capital City Mortgage) in the summer of 1996 (Plaintiff's Trial Exhibit 16).

The story actually begins in 1993, when Capital City Mortgage financed Stewart's acquisition of a family residence in Southeast Washington from her mother's estate.  The original note was in the amount

of $26,000.00, accruing interest at twenty percent (20%) per annum, for a term of 10 years. The original note was the typical predatory note, failing to disclose that it was an interest-only note which would balloon in ten years. In addition, Capital City Mortgage's *modus operandi* was to pile charges on the loan, add interest to the charges, and even falsify the loan ledger to insure that the loan would never be paid off.

A few years into the loan, Capital City Mortgage was alleging default and threatening foreclosure and Stewart was alleging loan fraud. The parties ultimately settled the matter by a loan modification agreement ("Agreement") which provided for an amortized 15-year loan at a market interest rate, a modification of the original deed of trust, and an amortization table which was designed to insure that the loan would in fact be paid off in 15 years (Plaintiff Trial Exhibit 16).

Capital City Mortgage, in violation of the Agreement, proceeded to foreclose in December 1999, citing violation of the 1993 loan documents and refusing to acknowledge that the loan had been modified by the 1996 Agreement. Stewart was forced to file a Chapter 13 bankruptcy to forestall the foreclosure.

During the bankruptcy proceedings Capital City Mortgage filed a proof of claim for over $41,725.09, again relying on the 1993 note and then filed a motion for relief from stay with the 1993 note and Deed of Trust as exhibits (Plaintiff's Trial Exhibit 11). Stewart ultimately filed an adversary proceeding to enforce the 1996 loan modification Agreement.

Even in its pretrial submission, Capital City Mortgage refused to acknowledge the 1996 modification [Docket Entry 18].

Trial on the adversary proceeding was ultimately held in August, 2004. On November 10, 2004, the Bankruptcy Court issued its opinion. The Court ordered Capital City to "... record the 1996 Settlement Agreement, Note and Deed of Trust (collectively "The Agreement") with the Recorder of Deeds for the

District of Columbia and return the previous deed of trust to Ms. Stewart ..." [Docket Entry 34]. Capital City Mortgage was ordered to construct a new loan ledger with the interest rate, payment due dates, maturity date and other material terms as set forth in the 1996 Agreement and reflecting only those charges allowed by the Court. Plaintiff's counsel was instructed to prepare a fee application at $300/hr. [Docket Entries 34, 35].

Capital City Mortgage submitted a revised loan ledger which incorporated the revisions and reductions ordered by the court [Docket Entry 39]. The revised ledger reduced the loan balance as of the date of the filing of the bankruptcy petition to $34,106.58, in marked contrast to the $41,726.09 in Capital City Mortgage's proof of claim (Plaintiff's Trial Exhibit 11). Moreover, since the loan ledger carried the revision forward the loan balance was properly reduced to $27,249.79 by 11/10/04.

Stewart submitted a fee application on 12/10/04 [Docket Entry 38]. The Court refused to allow fees for enforcing the terms of the modified note, reasoning that the agreement was breached only if the note was not executed as agreed. Because it was impossible to tell from the fee application how many hours were spent in enforcing the agreement, as opposed to the note, the Bankruptcy Court arbitrarily reduced the fees to $11,429.66 [Transcript p. 39.].

<u>Argument</u>

1. <u>The Note, Deed of Trust and Amortization Table, all attached to the Agreement as exhibits were part of the "Agreement" for purposes of the provision allowing attorney's fees for breach</u>.

   In the Bankruptcy Court's initial decision on November 10, 2004, the Court itself referred to the Agreement, the Note and the Deed of Trust as collectively "The Agreement". See Order of Court and Memorandum Opinion at Docket Entries 34-35.

   The sole purpose of the Agreement was to modify the note and deed of trust and establish an amortization table, so, in the Court's terminology, the "obnoxious" terms of the original loan would be removed and the loan would be properly amortized and ultimately paid off. The modified loan, deed of trust and amortization table were attached to the agreement as exhibits and repeatedly referred to in the text of the agreement (Plaintiff's Trial Exhibit 16). As the Court acknowledged, the intent of the parties was to reform the predatory nature of the loan and avoid the predatory practices of the past. [Transcript, p. 34, l. 17-23]. The modified note was part and parcel of the settlement agreement; breach of the note terms constituted breach of the agreement.

2. <u>The Bankruptcy Court's ruling that only ten percent of the fees incurred in trial preparation and conduct of the trial is completely arbitrary and without basis.</u>

   The Bankruptcy Court's ruling that only 10% of the fees incurred in trial preparation and conduct of the trial was based solely on the Court's interpretation of the legal fee provision in the Agreement. Having concluded that the legal fee provision did not apply to enforcement of the note and further stating that it could not be determined from the time records how much time was incurred in enforcing the Agreement, as opposed to the Note, The Court arbitrarily arrived at 10%.

As earlier argued, the Court's interpretation of the contract, as a matter of law, was wrong. And to suggest that only 10% of the trial preparation was compensable is wrong as well. As the Court itself acknowledged, Capital City Mortgage had not recorded the modified deed of trust by the time of trial. Capital City Mortgage revised its ledger only after trial and upon direct order of the Court in the November 10, 2004 Memorandum Opinion and Order [See Transcript p. 29, l. 15; p. 30, l. 1]. Capital City Mortgage acknowledged the existence of the modified agreement at the time of trial but had not done so by the time of pre-trial. Appellant prevailed at the trial. The trial and trial preparation were obviously necessary to achieve this result.

The Court's decision to slash appellant's legal fees was clearly erroneous and an abuse of discretion. Although the award of legal fees is an equitable remedy, subject to the discretion of the Court, that discretion is supposed to be reasonably exercised.

It is significant to note that the Court's decision was based solely on its misinterpretation of the contract terms. The hourly charge of $300 was reasonable and in fact was pre-approved by the Bankruptcy Court in its November 10, 2004 memorandum opinion. Over the objection of Appellee, which was overruled, the Court held that the time spent in trial preparation was reasonable [Transcript p. 35, l. 14; p. 36. l. 2 - 18].

Attorney's fees could be justified in this case by the conduct of Capital City Mortgage alone, even in the absence of contract.

As an exception to the American rule, wherein parties bear their own legal fees in the absence of agreement to the contrary, bad faith can support an award of attorney's fees either where the bad faith occurred in connection with the litigation or was an aspect of the conduct giving rise to the lawsuit. The exception to the American Rule allows an award of fees when the party has been the

victim of unwarranted, oppressive or vexatious conduct on the part of his opponent and has been forced to sue to enforce a plain legal right. See *Landstar Inway Inc. v. United States of America*, 1995 U.S. District Lexis 15007, and cases cited therein including *American Hospital Association v. Sullivan*, 290 US App. D.C. 397, 938 F.2d 216, 219 [D.C. Cir. 1991].

The Bankruptcy Court was aware of and acknowledged the Capitol City's unconscionable behavior, both in causing the litigation and in its conduct during the litigation. Bad faith should have been considered in assessing appropriate legal fees.

## Conclusion

Even under a "clearly erroneous" standard, the Court's decision to slash Appellant's legal fees must be overruled. The decision regarding legal fees should be reversed through an award entered in favor of Appellant for $31,345.50 in fees and $230.90 in costs, for a total of $31,576.40.

Respectfully submitted,

 */s/ Marcia K. Docter*
Marcia K. Docter #96024
801 Pennsylvania Avenue, N.W. #1101
Washington, DC 20004
(202) 669-5348

 */s/ David E. Lynn*
David E. Lynn #360397
11300 Rockville Pike, Suite 408
Rockville, MD 20850
(301) 255-0100

Attorneys for Appellant

Appendix

1. Transcript of hearing to address Remaining Issues held on June 13, 2005.

2. 1996 loan modification agreement and exhibits (Plaintiff's Trial)Exhibit 16

3. Proof of Claim filed by Capital City Mortgage Corporation [Plaintiff's Trial Exhibit 11].

4. Pretrial statement filed by Capital City Mortgage [Docket Entry 19].

5. Memorandum Decision of 11/10/2004 [Docket Entry 34].

6. Order Pursuant to Memorandum Decision [Docket Entry 35].

7. Debtor Attorney's statement of fees and costs [Docket Entry 38].

8. Submission of Capital City pursuant to order of November 10, 2004 [Docket Entry 39].

9. Response to statement of fees and costs by Capital City Mortgage [Docket Entry 40].

10. Final judgment order of 6/14/2005 [Docket Entry 47].

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on  September 21, 2005 , a copy of the foregoing was mailed, postage prepaid, first class to Charles Acker, Esq. at 1223 11th Street, N.W., Washington, DC 20001.

 /s/ David E. Lynn
David E. Lynn