### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANICE STEWART | ) | |
| | ) | |
| Appellant | ) | Civil Action No. 05-1586 |
| v. | ) | (James Robertson, Jr., Judge) |
| | ) | |
| CAPITAL CITY MORTGAGE CORP. | ) | (Bankruptcy Case No. 00-00046; |
| | ) | (Adversary Proceeding No. 02-0020) |
| Appellee | ) | |

### **APPELLANT'S REPLY BRIEF**

     This appeal arises from a decision of the U.S. Bankruptcy Court for the District of Columbia to slash the fees requested by the Appellant's counsel on the grounds that the fee provision in the agreement between the parties applied only to enforcing "the Agreement" and not the Note which was attached to the Agreement and which was the very basis for the agreement itself.  Having concluded this, the Bankruptcy Court went on to find that it wasn't clear from the time and charges submitted by counsel which charges were incurred in enforcing "the Agreement" as opposed to the Note.  The Bankruptcy Court went on to honor only ten percent of a significant portion of the charges for which an award was sought.

     In its opposing brief, Appellee appears to concede that the Bankruptcy Court's reasoning was flawed and seeks to justify the decision on other grounds.  Appellee now argues that Appellant did not prevail on all issues and is not entitled to its fees.  However, this new assertion is simply not consistent with the facts of the case.

     Appellee argues that because Appellant was in default ten months in 1988-1999, Appellant did not "win" on this issue.  But this was never in dispute, was not an issue in the adversary proceeding, and had been resolved well before the bankruptcy proceeding.  Appellant, as Appellee acknowledges, made a payment of $1,523.20 on the arrearage in July, 1999.  The remaining six payments were, by agreement, deferred to the end of the term.

     For whatever it is worth, the agreement to defer the six payments did not render the amortization table a "nullity" as suggested by Appellee's brief; the amortization was to proceed except

that at the end of the term a sum equal to the six payments would still be due.

Appellee's brief questions the important of the amortization table. The amortization table was attached as an exhibit to demonstrate that this was a normal amortized loan and that monthly payments were to be properly applied to principal and interest. It was Appellee's *modus operandi* to add charges at will to a borrower's ledger, add interest to those charges, apply monthly payments, even if timely, to those charges, all without notice to the borrower, and then declare the Note in arrears. The charges that were added to the loan were typically in-house overhead items which Appellee pretended to "pay" by writing a check to another of its accounts. Also typically, Appellee advanced insurance premiums -- even though the borrower was carrying and paying for her own insurance -- added the insurance advance to the ledger as an arrearage and, as in this case, proceeded to foreclosure.[1] It was these kinds of charges which inflated Appellant's debt (see Appellee's proof of claim, Appendix, Exhibit 3) and which the Bankruptcy Court agreed were in violation of the Agreement, directing that the Appellee prepare a new accounting with the charges removed. (Docket Entries 34, 47)

Appellant's adversary proceeding never argued that every item on the borrower's ledger was incorrect. Appellant's Complaint asked that the 1996 Modification of the Deed of Trust be recorded, that charges inconsistent with the new Note and Deed of Trust be removed, and that Appellee adjust its books to reflect the canceled charges and the proper application of both pre- and post-bankruptcy payments. Appellant prevailed on all these requests.

Appellee's final argument seems to be that Appellee's statement of time and charges did not contain sufficient "information." But the Bankruptcy Court did not hold that the charges did not contain sufficient information, only that the Court could not differentiate between the time spend on enforcement of the Note and the time spent in enforcement of the Agreement, a distinction the Court (incorrectly) deemed important. Since the Note and the Agreement are one -- as Appellee's brief appears to concede -- this argument is hardly persuasive.[2]

---

[1] The borrower was to pay her own taxes and insurance, and Appellee was not permitted to pay either without notice to the Appellant's counsel, which it failed to give.

[2] The Memorandum of Decision of November 10 (Docket Entry 34) itself referred to the Note, Deed of Trust, and Agreement as "collectively the 'Agreement'."

CONCLUSION

Nothing in Appellee's brief contests the issue on appeal: whether the Note was part of the Agreement for purposes of applicability of the attorneys' fee provision which allowed fees incurred in enforcing the Agreement. The Bankruptcy Court's decision cannot be defended and must be reversed.

Dated: October 21, 2005                     Respectfully submitted,

                                                     */s/ Marcia K. Docter*
Marcia K. Docter #96024
801 Pennsylvania Avenue, N.W. #1101
Washington, DC 20004
(202) 669-5348

                                                     */s/ David E. Lynn*
David E. Lynn #360397
15245 Shady Grove Road, Suite 465 North
Rockville, MD 20850
(301) 255-0100

Attorneys for Appellant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on   October 21, 2005  , a copy of the foregoing was mailed, postage prepaid, first class to Charles Acker, Esq., 1223 11th Street, N.W., Washington, DC 20001.

                                                     */s/ David E. Lynn*
David E. Lynn