B10 (Official Form 10)
(Rev. 6/91)

| **United States Bankruptcy Court** | **PROOF OF CLAIM** |
|---|---|
| District of Columbia | |

| In re (Name of Debtor) | Case Number |
|---|---|
| Janis Stewart | 00-0046 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor | |
|---|---|
| *(The person or entity to whom the debtor owes money or property)* | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Capital City Mortgage Corporation | |
| **Name and Addresses Where Notices Should be Sent** | ☒ Check box if you have never received any notices from the bankruptcy court in this case. |
| Capital City Mortgage Corporation 1223 11th Street, NW Washington, D.C. 20001 | ☐ Check box if the address differs from the address on the envelope sent to you by the court. |
| Telephone No. | THIS SPACE IS FOR COURT USE ONLY |

| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: | Check here if this claim: ☐ replaces ☐ amends a previously filed claim, dated: _____ |
|---|---|
| Loan Number 35032 | |

**1. BASIS FOR CLAIM**

| | |
|---|---|
| ☐ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☐ Services performed | ☐ Wages, salaries, and compensations (Fill out below) |
| ☒ Money loaned | Your social security number _____ |
| ☐ Personal injury/wrongful death | Unpaid compensations for services performed |
| ☐ Taxes | from _____ to _____ |
| ☐ Other (Describe briefly) | (date)        (date) |

| 2. DATE DEBT WAS INCURRED: | 3. IF COURT JUDGMENT, DATE OBTAINED: |
|---|---|
| July 27, 1993 | |

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority. (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM.

| ☒ SECURED CLAIM $ 41,726.09 | ☐ UNSECURED PRIORITY CLAIM $ _____ |
|---|---|
| Attach evidence of perfection of security interest | Specify the priority of the claim. |
| Brief Description of Collateral: | |
| ☒ Real Estate  ☐ Motor Vehicle  ☐ Other (Describe briefly) | ☐ Wages, salaries, or commissions (up to $2000), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier)—11 U.S.C. § 507(a)(3) |
| Amount of arrearage and other charges included in secured claim above, if any $ 4,914.02 | ☐ Contributions to an employee benefit plan—U.S.C. § 507(a)(4) |
| ☐ UNSECURED NONPRIORITY CLAIM $ _____ | ☐ Up to $900 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. § 507(a)(6) |
| A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim. | ☐ Taxes or penalties of governmental units—11 U.S.C. § 507(a)(7) |
| | ☐ Other—11 U.S.C. §§ 507(a)(2), (a)(5)—(Describe briefly) |

| 5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED: | $ _____ (Unsecured) | $ 41,726.09 (Secured) | $ _____ (Priority) | $ 41,726.09 (Total) |
|---|---|---|---|---|

☐ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

| 6. CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

7. SUPPORTING DOCUMENTS: *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. TIME-STAMPED COPY: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|
| 2/1/00 | *Leticia M. Watson* Leticia M. Watson - General Counsel Capital City Mortgage Corporation |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

In re:   Janis Stewart _____   )   Bankruptcy Case No. _____ 00–0046 _____
                                          )   Chapter 13
         Debtor                           )
                                          )

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆**

## ATTACHMENT TO PROOF OF CLAIM
### Capital City Mortgage Corporation

Arrears Before 1/10/00   (date petition filed)

| | | |
|---|---|---:|
| **Principal Balance** | $ | **36,558.26** |

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆**

| | | |
|---|---|---:|
| Accrued Monthly Payments (PITI) $ _380.72_ /mo. x _2_ (# of months) | $ | 761.44 |
| Accrued Late Fees  $ _19.04_ /mo. x _2_ (# of months) | $ | 38.08 |

Escrow Advances

| | | |
|---|---|---:|
| • Real Estate Taxes | $ | 977.82 |
| • Insurance | $ | 0.0 |
| • Legal Fees (including legal fees for foreclosure pre–petition) | $ | 496.00 |
| • Deferred Arrears | $ | 2,543.63 |
| • Miscellaneous | $ | |
| • Interest (Partial Payment) Deficit | $ | 0.0 |
| Accrued Interest on Escrow Advances (@Note Interest Rate) | $ | 47.05 |

(Interest on Escrows)

Maintenance

| | | |
|---|---|---:|
| • Title Report | $ | 50.00 |
| • Inspection | $ | 0.0 |
| • Appraisals (BPO) | $ | 0.0 |

| | |
|---|---:|
| **Total Pre-Petition Arrears** | **$ 4,914.02** |

| | |
|---|---:|
| **TOTAL PRE-PETITION PAY-OFF** | **$41,726.09\*** |

(add water escrow $250.00/ int from beg of month $3.81)

Attach a current copy of  loan ledger, deed of trust, and note and file with Court.

# FORECLOSURE STATEMENT

| | |
|---|---|
| As Of | 1/10/00 |
| Name | **JANIS STEWART** |
| Account Number | 35032 |
| Street Address of Property Securing Note | 3401 Brother's Place, S.E. |
| | Washington, D.C. 20032-1515 |
| Property Owners Telephone | (202) 289-7715 |
| Property Owners Mailing Address | 3401 Brother's Place, S.E. |
| | Washington, D.C. 20032-1515 |
| Type of Property | 2 Story Asbes-Shin. Detached |
| Appraised Value | Unknown |
| Date of Receipt of Last Payment | 11/5/99 |
| Date Payment Applied to: | 11/1/99 |
| Unapplied payments | 2 |
| Commercial? | No |
| PrePayment Penalty | No |

| | Ledger Data | Bring Current | Payoff |
|---|---|---|---|
| Original Loan Amount | $26,000.00 | | |
| Capital City Note Balance | | | $36,558.26 |
| Arrearages Due at Note Payoff | | | ✗ $2,543.63 |
| Days Interest to Date | 71 | | |
| Days from Beginning of Month | 10 | | |
| Interest Rate | 9.00% | | |
| Monthly Payment | $380.72 | | |
| Interest Payment | $274.19 | | |
| Monthly Late Charge Prior to Acceleration | $19.04 | | |
| Monthly Late Charge After Acceleration(Commercial Only) | $0.00 | | |
| **Escrow Deficits and Advances** | | | |
| Superior Trust | $0.00 | | |
| Insurance | $0.00 | | |
| Inspection | $0.00 | | |
| Appraisal | $0.00 | | |
| Trustee Fee | $0.00 | | |
| Real estate Tax | $977.82 | | |
| Misc. Escrow | $0.00 | | |
| Advertising | $0.00 | | |
| Title Report | $50.00 | | |
| Subtotal | $1,027.82 | | |
| Legal Fee | $496.00 | | |
| **Total Escrows Deficit and Advances** | | $1,523.82 | $1,523.82 |
| **Interest And Late Charges Due** | | | |
| Interest on Arrearages | $0.00 | | |
| Deficit Interest Escrow | $0.00 | | |
| Interest on Escrow | $47.05 | | |
| Interest on Escrow from Beginning of Month | $3.81 | | |
| Interest From 11/01/99 | $648.91 ✗ ~761.44~ | | |
| Total Interest Charges | | ~$699.77~ 812.30 | ~$699.77~ 812.30 |
| Late Charges | $38.08 | $38.08 | $38.08 |
| **Prospective Charges** | | | |
| Foreclosure, Advertising | $0.00 | | |
| Legal | $0.00 | | |
| Title Report | $0.00 | | |
| Reinstatement Fee | $0.00 | | |
| Water | $250.00 | | |
| Total Other Charges | arrears | $0.00 | $250.00 |
| Total to Bring Current | 4917.83 | ~$2,362.43~ ~$2,362.43~ | |
| Pre-Payment Penalty | − 4914.02 arrears POC | | $0.00 |
| Total pay Off(Capital City Trust) 3,81 | | Bring current → $2,874.20 | ~$41,613.56~ |
| | | | $41,726.09 |
| Approximate Superior Trust Payoff | | $0.00 | |
| Total Pay Off(Combined Trusts) | Total POC's | ~$41,613.56~ | |
| Per Diem | | $41,726.09 | $9.52 |



# C A P I T A L   C I T Y   M T G E .   C O R P .

PAGE NO 1                      01      **L O A N L E D G E R**        00035032
LOANRP41.R02                                        01-31-2000



| Account Name | STEWART, JANIS | Note/Maturity Date | 08/30/93 08/01/03 | MORTBROKER | NONE |
|---|---|---|---|---|---|
| Address | P. O. BOX 54010 | Date Assigned | | CONS/COMM | CONS |
| City/St/Zip | WASHINGTON DC 20032-0210 | Date Purchased | | ESCTAX | INQ |
| Home Phone | (202) 289-7715 | Assigned to | | LOAN/SALE | LOAN |
| | INT ONLY-V  MONTHLY | Purchased From | | NOTE DUE DATE | 1108 |
| Amount Financed | $26,000.00 | Principal Purch. | $26,000.00 | TITLE BINDER DATE | |
| Finance Charge | $51,999.60 | Price Paid | $26,000.00 | INTINCDAT | NONE |
| Total Payments | $77,999.60 | Tax ID# | 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 | TITLECOMPANY | LAWYERS ADV |
| Number of Payments | 120 | Rate | 9.0000  11.0000- | ESCSUPTR | NO |
| Amount of Pymt | $380.72 | Daily | 0.025000 | FIRST/SECOND | FIRST |
| Late Charge: | $19.04 | Other Phone | (301) 568-9064 | Collateral Type: OWN OCC HS | |

| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | | | |
|---|---|---|---|---|---|---|---|---|
| R E TA | INS | INT DE | LGLFEE | INT ES | MISC | ARREAR | INSPEC | TITLRP |
| 977.82- | 0.00 | 0.00 | 496.00- | 58.48- | 0.00 | 2543.63- | 0.00 | 50.00- |

-11.75
J7

## PAYMENT SCHEDULE

| Date Received | Paid To | Amount Received | Late Charge | NSF Paid | Interest Charge | Prin Applied | Prin Balance | |
|---|---|---|---|---|---|---|---|---|
| R E TA | | INS | INT DE | LGLFEE | INT ES | MISC | ARREAR | INSPEC | TITLRP |

08/30/93 08/30/93                                                $26,000.00

08/30/93 08/30/93   28.88-                                       $26,000.00  DIRECT IMPOUND
            28.88-
08/30/93 09/01/93   28.88                     28.88              $26,000.00  FRACT MONTHS I

08/31/93 08/31/93   28.88                                        $26,000.00  DIRECT IMPOUND
            28.88
08/31/93 08/31/93   380.62                                       $26,000.00  DIRECT IMPOUND
   250.00   130.62
09/10/93 09/10/93   28.88                                        $26,000.00  DIRECT IMPOUND
      28.88
SECURED PROPERTY ADDRESS: 3401 BROTHERS PLACE, S.E. WASHINGTON, D.C.
PAYOFF SUBJECT TO FINAL AUDIT
10/15/93 10/01/93   54.68                     54.68              $26,000.00

ABOVE REPRESENTS PARTIAL MONTH'S INTEREST.
10/15/93 10/15/93   54.68-                    54.68-             $26,000.00

10/25/93 10/25/93   54.68                                        $26,000.00  DIRECT IMPOUND
      54.68
10/26/93 10/01/93   458.53    25.20           433.33             $26,000.00

10/26/93 10/26/93   53.43-                                       $26,000.00  DIRECT IMPOUND
            53.43-
11/18/93 11/01/93   458.53    25.20           433.33             $26,000.00

# C A P I T A L   C I T Y   M T G E .   C O R P .

01    L O A N L E D G E R    00035032
01-31-2000

Account Name  STEWART, JANIS                CONTINUED  PAGE NUMBER 2
PAYMENT SCHEDULE

| Date Received R E TA | Paid To | Amount Received INS | Late Charge INT DE LGLFEE | NSF Paid INT ES | Interest Charge MISC | Prin Applied ARREAR | Prin Balance INSPEC | TITLRP |
|---|---|---|---|---|---|---|---|---|
| 11/18/93 | 11/18/93 | 28.43-<br>28.43- | | | | | $26,000.00 | DIRECT IMPOUND |
| 01/07/94 | 12/01/93 | 433.33 | | | 433.33 | | $26,000.00 | |
| 01/07/94 | 01/07/94 | 113.23-<br>113.23- | | | | | $26,000.00 | DIRECT IMPOUND |
| 01/13/94 | 01/01/94 | 458.53 | 25.20 | | 433.33 | | $26,000.00 | |
| 01/13/94 | 01/13/94 | 41.47<br>41.47 | | | | | $26,000.00 | DIRECT IMPOUND |
| 02/10/94 | 02/01/94 | 433.33 | | | 433.33 | | $26,000.00 | |
| 02/10/94 | 02/10/94 | 16.77<br>16.77 | | | | | $26,000.00 | DIRECT IMPOUND |
| 02/25/94 | 03/01/94 | 433.33 | | | 433.33 | | $26,000.00 | |
| 02/25/94 | 02/25/94 | 0.23-<br>0.23- | | | | | $26,000.00 | DIRECT IMPOUND |
| 04/08/94 | 04/08/94 | 220.33- 196.48 | 23.85 | | | | $26,000.00 | DIRECT IMPOUND |
| 04/08/94 | 04/01/94 | 433.33 | | | 433.33 | | $26,000.00 | |
| 04/08/94 | 04/08/94 | 33.23-<br>33.23- | | | | | $26,000.00 | DIRECT IMPOUND |
| 05/20/94 | 05/20/94 | 88.53-<br>88.53- | | | | | $26,000.00 | DIRECT IMPOUND |
| 05/20/94 | 05/01/94 | 458.53 | 25.20 | | 433.33 | | $26,000.00 | |
| 05/23/94 | 05/23/94 | 88.53- | 88.53 | | | | $26,000.00 | DIRECT IMPOUND |
| 05/23/94 | 05/23/94 | 88.53 | 88.53- | | | | $26,000.00 | DIRECT IMPOUND |
| 05/23/94 | 05/23/94 | 88.53 | 88.53- | | | | $26,000.00 | DIRECT IMPOUND |
| 06/13/94 | 06/01/94 | 697.01 | 38.65 | | 658.36 | | $26,000.00 | |
| 06/21/94 | 06/21/94 | 150.00<br>150.00 | | | | | $26,000.00 | DIRECT IMPOUND |
| 06/29/94 | 06/29/94 | 150.00-<br>150.00- | | | | | $26,000.00 | DIRECT IMPOUND |
| 06/29/94 | 07/01/94 | 450.10 | 16.77 | | 433.33 | | $26,000.00 | |
| 06/30/94 | 06/30/94 | 697.01- | 38.65- | | 658.36- | | $26,000.00 | |

# C A P I T A L   C I T Y   M T G E .   C O R P .

## 01   L O A N   L E D G E R   00035032
### 01-31-2000

Account Name  STEWART, JANIS                 CONTINUED  PAGE NUMBER 3
                                                    PAYMENT SCHEDULE

| Date Received | Paid To | Amount Received | Late Charge | NSF Paid | Interest Charge | Prin Applied | Prin Balance | |
|---|---|---|---|---|---|---|---|---|
| R E TA | | INS | INT DE    LGLFEE | INT ES | | MISC    ARREAR | INSPEC | TITLRP |

ABOVE ENTRY VOIDS 6-13-94 POSTING

| 06/30/94 06/30/94 | 150.00 | | | | | $26,000.00 DIRECT IMPOUND |
|---|---|---|---|---|---|---|
| | 150.00 | | | | | |

ABOVE ENTRY VOIDS 6-29-94 POSTING

| 06/30/94 06/30/94 | 450.10- | 16.77- | | 433.33- | $26,000.00 |
|---|---|---|---|---|---|

ABOVE ENTRY VOIDS 6-29-94 POSTING

| 06/30/94 06/30/94 | 150.00- | | | | $26,000.00 DIRECT IMPOUND |
|---|---|---|---|---|---|
| | 150.00- | | | | |
| 06/30/94 06/01/94 | 450.10 | 16.77 | | 433.33 | $26,000.00 |
| 07/14/94 07/01/94 | 450.10 | 16.77 | | 433.33 | $26,000.00 |
| 07/14/94 07/14/94 | 50.00- | | | | $26,000.00 DIRECT IMPOUND |
| | 50.00- | | | | |
| 09/08/94 09/08/94 | 25.20 | 25.20 | | | $26,000.00 |
| 09/08/94 09/08/94 | 174.90 | | | | $26,000.00 DIRECT IMPOUND |
| | 174.90 | | | | |
| 09/23/94 09/23/94 | 330.24- | | | | $26,000.00 DIRECT IMPOUND |
| | 327.10- | 3.14- | | | |
| 09/23/94 08/01/94 | 330.24 | 42.06 | | 288.18 | $26,000.00 |
| 09/23/94 08/01/94 | 170.35 | 25.20 | | 145.15 | $26,000.00 |
| 09/23/94 09/23/94 | 62.65 | | | | $26,000.00 DIRECT IMPOUND |
| | 62.65 | | | | |
| 10/05/94 10/05/94 | 25.20 | 25.20 | | | $26,000.00 |
| 10/05/94 10/05/94 | 274.90 | | | | $26,000.00 DIRECT IMPOUND |
| | 274.90 | | | | |
| 11/10/94 11/10/94 | 337.55- | | | | $26,000.00 DIRECT IMPOUND |
| | 337.55- | | | | |
| 11/10/94 09/01/94 | 537.55 | 104.22 | | 433.33 | $26,000.00 |
| 11/22/94 11/22/94 | 79.02 | | | | $26,000.00 DIRECT IMPOUND |
| | 79.02 | | | | |
| 11/22/94 11/22/94 | 79.02- | 79.02- | | | $26,000.00 |

ABOVE TWO ENTRIES CORRECT LATE CHARGE PAYMENTS, LATE CHARGES PAID, INCLUDE
11\01\94 PAYMENT.(RF)

| 12/02/94 10/01/94 | 483.73 | 50.40 | | 433.33 | $26,000.00 |
|---|---|---|---|---|---|

# C A P I T A L   C I T Y   M T G E .   C O R P .

PAGE NO 4
LOANRP41.R02

**01    L O A N L E D G E R    00035032**
01-31-2000

Account Name  STEWART, JANIS

CONTINUED  PAGE NUMBER 4
PAYMENT SCHEDULE

| Date Received R E TA | Paid To | Amount Received INS INT DE | Late Charge LGLFEE | NSF Paid INT ES | Interest Charge | Prin Applied MISC ARREAR | Prin Balance INSPEC TITLRP |
|---|---|---|---|---|---|---|---|
| 12/02/94 | 12/02/94 | 183.63- | | | | | $26,000.00  DIRECT IMPOUND |
| | | 183.63- | | | | | |
| 12/23/94 | 12/23/94 | 205.10 | | | | | $26,000.00  DIRECT IMPOUND |
| | | 205.10 | | | | | |
| FORECLOSURE 1-9-95 | | | | | | | |
| 01/12/95 | 01/12/95 | 85.00- | | | | | $26,000.00  DIRECT IMPOUND |
| | | | 85.00- | | | | |
| 01/30/95 | 11/01/94 | 220.10 | | | | | $26,000.00  DIRECT IMPOUND |
| | | 220.10 | | | | | |
| 01/30/95 | 11/01/94 | 35.00- | | | | | $26,000.00  DIRECT IMPOUND |
| | | | 35.00- | | | | |
| 02/02/95 | 01/26/95 | 15.00 | | | | | $26,000.00  DIRECT IMPOUND |
| | | | 15.00 | | | | |
| 02/13/95 | 02/13/95 | 171.00- | | | | | $26,000.00  DIRECT IMPOUND |
| | | | 171.00- | | | | |
| 02/23/95 | 02/19/95 | 4.60- | | | | | $26,000.00  DIRECT IMPOUND |
| | | | | 4.60- | | | |
| 02/28/95 | 02/28/95 | 106.47 | | | | | $26,000.00  DIRECT IMPOUND |
| | | 169.53- | 276.00 | | | | |
| 02/28/95 | 11/01/95 | 458.53 | 25.20 | | 433.33 | | $26,000.00 |
| 03/02/95 | 03/02/95 | 115.00- | | | | | $26,000.00  DIRECT IMPOUND |
| | | | 115.00- | | | | |
| 03/02/95 | 03/02/95 | 20.00 | | | | | $26,000.00  DIRECT IMPOUND |
| | | | 20.00 | | | | |
| 03/03/95 | 03/03/95 | 907.25- | | | | | $26,000.00  DIRECT IMPOUND |
| | | | 907.25- | | | | |
| 03/22/95 | 03/19/95 | 16.70- | | | | | $26,000.00  DIRECT IMPOUND |
| | | | | 16.70- | | | |
| 03/23/95 | 03/23/95 | 477.57- | | | | | $26,000.00  DIRECT IMPOUND |
| 477.57- | | | | | | | |
| 04/06/95 | 04/06/95 | 34.00- | | | | | $26,000.00  DIRECT IMPOUND |
| | | | 34.00- | | | | |
| 04/20/95 | 04/19/95 | 25.23- | | | | | $26,000.00  DIRECT IMPOUND |
| | | | | 25.23- | | | |
| 04/25/95 | 04/25/95 | 560.00 | | | | | $26,000.00  DIRECT IMPOUND |
| 477.57 | | 151.06- | 186.96 | 46.53 | | | |
| 05/04/95 | 05/04/95 | 42.50- | | | | | $26,000.00  DIRECT IMPOUND |
| | | | 42.50- | | | | |
| 05/08/95 | 05/08/95 | 240.00 | | | | | $26,000.00  DIRECT IMPOUND |
| | | | 240.00 | | | | |
| 05/24/95 | 05/19/95 | 10.86- | | | | | $26,000.00  DIRECT IMPOUND |
| | | | | 10.86- | | | |

# C A P I T A L   C I T Y   M T G E .   C O R P .



PAGE NO 5                01    L O A N L E D G E R        00035032
LOANRP41.R02                          01-31-2000

Account Name  STEWART, JANIS              CONTINUED  PAGE NUMBER 5
                                            PAYMENT SCHEDULE

| Date Received | Paid To | Amount Received | Late Charge | NSF Paid | Interest Charge | Prin Applied | Prin Balance | |
|---|---|---|---|---|---|---|---|---|
| R E TA | | INS | INT DE | LGLFEE | INT ES | MISC | ARREAR | INSPEC | TITLRP |
| 06/08/95 06/08/95 | | 333.33 | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | 333.33 | | | | | |
| 06/23/95 06/19/95 | | 5.31- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | | 5.31- | | | | |
| 06/26/95 06/26/95 | | 250.00 | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | 250.00 | | | | | |
| 07/07/95 07/07/95 | | 34.00- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | 34.00- | | | | | |
| 08/14/95 08/14/95 | | 34.00- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | 34.00- | | | | | |
| 08/24/95 08/24/95 | | 25.00- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | 25.00- | | | | | |
| 08/28/95 08/19/95 | | 2.69- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | | 2.69- | | | | |
| 09/05/95 09/05/95 | | 35.00- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | 35.00- | | | | | |
| 09/06/95 09/06/95 | | 35.00- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | 35.00- | | | | | |
| 09/07/95 09/07/95 | | 16.00- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | 16.00- | | | | | |
| 09/08/95 09/08/95 | | 1.00 | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | 1.00 | | | | | |

1.00 ERROR IN $35 POSTING CORRECTED (HK)

| Date Received | Paid To | Amount Received | Late Charge | NSF Paid | Interest Charge | Prin Applied | Prin Balance | |
|---|---|---|---|---|---|---|---|---|
| 09/15/95 09/15/95 | | 230.62- | | | | | $26,000.00 | DIRECT IMPOUND |
| | 230.62- | | | | | | | |
| 09/20/95 09/19/95 | | 7.95- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | | 7.95- | | | | |
| 09/26/95 09/26/95 | | 6.00- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | 6.00- | | | | | |
| 10/02/95 10/02/95 | | 146.74- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | 146.74- | | | | | |
| 10/03/95 10/03/95 | | 6.00- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | 6.00- | | | | | |
| 10/06/95 10/06/95 | | 34.00- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | | | 34.00- | | | |
| 10/18/95 10/18/95 | | 306.00- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | 306.00- | | | | | |
| 10/23/95 10/19/95 | | 16.26- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | | 16.26- | | | | |
| 11/26/95 11/19/95 | | 16.26 | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | | 16.26 | | | | |
| 11/26/95 11/19/95 | | 32.52- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | | 32.52- | | | | |

# C A P I T A L   C I T Y   M T G E .   C O R P .

PAGE NO 6                01     L O A N L E D G E R        00035032
LOANRP41.R02                        01-31-2000

Account Name STEWART, JANIS                CONTINUED  PAGE NUMBER 6
                                           PAYMENT SCHEDULE

| Date Received | Paid To | Amount Received | Late Charge | NSF Paid | Interest Charge | Prin Applied | Prin Balance | | |
|---|---|---|---|---|---|---|---|---|---|
| | R E TA | INS     INT DE | LGLFEE | INT ES | | MISC     ARREAR | INSPEC | TITLRP | |
| 11/29/95 | 11/29/95 | 35.00- | | | | | $26,000.00 | DIRECT IMPOUND | |
| | | | 35.00- | | | | | | |
| 11/29/95 | 11/29/95 | 4.00- | | | | | $26,000.00 | DIRECT IMPOUND | |
| | | | 4.00- | | | | | | |
| 12/05/95 | 12/05/95 | 204.00- | | | | | $26,000.00 | DIRECT IMPOUND | |
| | | | 204.00- | | | | | | |
| 12/15/95 | 12/15/95 | 180.00- | | | | | $26,000.00 | DIRECT IMPOUND | |
| | | | 180.00- | | | | | | |
| 12/19/95 | 12/19/95 | 35.00- | | | | | $26,000.00 | DIRECT IMPOUND | |
| | | | 35.00- | | | | | | |
| 12/20/95 | 12/19/95 | 23.31- | | | | | $26,000.00 | DIRECT IMPOUND | |
| | | | | 23.31- | | | | | |
| 01/19/96 | 01/19/96 | 270.00- | | | | | $26,000.00 | DIRECT IMPOUND | |
| | | | 270.00- | | | | | | |
| 01/19/96 | 01/19/96 | 28.40- | | | | | $26,000.00 | DIRECT IMPOUND | |
| | | | | 28.40- | | | | | |
| 02/13/96 | 02/13/96 | 260.00- | | | | | $26,000.00 | DIRECT IMPOUND | |
| | | | 260.00- | | | | | | |
| 02/13/96 | 02/13/96 | 10.00 | | | | | $26,000.00 | DIRECT IMPOUND | |
| | | | 10.00 | | | | | | |
| 02/19/96 | 02/19/96 | 32.56- | | | | | $26,000.00 | DIRECT IMPOUND | |
| | | | | 32.56- | | | | | |
| 03/02/96 | 03/02/96 | 21.66- | | | | | $26,000.00 | DIRECT IMPOUND | |
| | | | | | | 21.66- | | | |
| 03/02/96 | 03/02/96 | 21.66 | | | 21.66 | | $26,000.00 | | |
| 03/19/96 | 03/19/96 | 150.00- | | | | | $26,000.00 | DIRECT IMPOUND | |
| | | | 150.00- | | | | | | |
| 03/23/96 | 03/19/96 | 35.06- | | | | | $26,000.00 | DIRECT IMPOUND | |
| | | | | 35.06- | | | | | |
| 04/02/96 | 04/02/96 | 115.52- | | | | | $26,000.00 | DIRECT IMPOUND | |
| | | | | | | 115.52- | | | |
| 04/02/96 | 04/02/96 | 115.52 | | | 115.52 | | $26,000.00 | INT ON INT | |
| 04/17/96 | 04/17/96 | 30.00- | | | | | $26,000.00 | DIRECT IMPOUND | |
| | | | 30.00- | | | | | | |
| 04/21/96 | 04/21/96 | 35.56- | | | | | $26,000.00 | DIRECT IMPOUND | |
| | | | | 35.56- | | | | | |
| 05/02/96 | 05/02/96 | 22.66- | | | | | $26,000.00 | DIRECT IMPOUND | |
| | | | | | | 22.66- | | | |
| 05/02/96 | 05/02/96 | 22.66 | | | 22.66 | | $26,000.00 | INT ON INT | |
| 05/02/96 | 05/02/96 | 25.00- | | | | | $26,000.00 | DIRECT IMPOUND | |
| | | | 25.00- | | | | | | |

# C A P I T A L   C I T Y   M T G E .   C O R P .

01   L O A N L E D G E R   00035032
01-31-2000

Account Name  STEWART, JANIS          CONTINUED  PAGE NUMBER 7
                                      PAYMENT SCHEDULE



| Date Received | Paid To | Amount Received | Late Charge | NSF Paid | Interest Charge | Prin Applied | Prin Balance | |
|---|---|---|---|---|---|---|---|---|
| R E TA | | INS      INT DE | LGLFEE | INT ES | MISC | ARREAR | INSPEC | TITLRP |
| 05/06/96 05/06/96 | | 60.00- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | 60.00- | | | | | |
| 05/09/96 05/09/96 | | 34.00- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | | | 34.00- | | | |
| 05/15/96 05/15/96 | | 70.00- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | 70.00- | | | | | |
| 05/22/96 05/22/96 | | 38.71- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | | 38.71- | | | | |
| 05/22/96 05/22/96 | | 38.71 | | | 38.71 | | $26,000.00 | INT ON ESCROWS |
| 05/31/96 05/22/96 | | 38.71- | | | 38.71- | | $26,000.00 | INT ON ESCROWS |
| 06/05/96 06/05/96 | | 129.96- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | | | | 129.96- | | |
| 06/05/96 06/05/96 | | 129.96 | | | 129.96 | | $26,000.00 | INT ON INT |
| 06/07/96 06/07/96 | | 25.00- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | 25.00- | | | | | |
| 06/18/96 06/18/96 | | 50.00- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | 50.00- | | | | | |
| 06/21/96 06/21/96 | | 39.96- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | | 39.96- | | | | |
| 07/03/96 07/03/96 | | 122.74- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | | | | 122.74- | | |
| 07/03/96 07/03/96 | | 122.74 | | | 122.74 | | $26,000.00 | INT ON INT |
| 07/10/96 07/10/96 | | 30.00- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | 30.00- | | | | | |
| 07/21/96 07/21/96 | | 38.71- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | | 38.71- | | | | |
| 08/02/96 08/02/96 | | 26.60- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | | | | 26.60- | | |
| 08/02/96 08/02/96 | | 26.60 | | | 26.60 | | $26,000.00 | INT ON INT |
| 08/06/96 08/06/96 | | 120.00- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | 120.00- | | | | | |
| 08/22/96 08/22/96 | | 42.46- | | | | | $26,000.00 | DIRECT IMPOUND |
| | | | | 42.46- | | | | |
| 08/01/96 08/01/96 | | 3361.02 | | | | | $26,000.00 | DIRECT IMPOUND |
| 230.62 | | | 2249.20 | 374.06 | 68.00 | 439.14 | | |
| 08/01/96 08/01/96 | | 3361.02- | | | | 3361.02- | $29,361.02 | NONCASH TRANSA |
| 08/01/96 08/01/96 | | | | | 8138.98 | 8138.98- | $37,500.00 | NONCASH TRANSA |

# C A P I T A L   C I T Y   M T G E .   C O R P .

PAGE NO 8                          01    L O A N L E D G E R      00035032
LOANRP41.R02                              01-31-2000

Account Name  STEWART, JANIS              CONTINUED  PAGE NUMBER 8
                                              PAYMENT SCHEDULE

| Date Received | Paid To | Amount Received | Late Charge | NSF Paid | Interest Charge | Prin Applied | Prin Balance | |
|---|---|---|---|---|---|---|---|---|
| | R E TA | INS    INT DE | LGLFEE | INT ES | | MISC   ARREAR | INSPEC | TITLRP |
| 09/05/96 | 09/01/96 | 380.80 | | | 281.25 | 99.55 | $37,400.45 | |
| 09/18/96 | 09/18/96 | 242.73- | | | | | $37,400.45 | DIRECT IMPOUND |
| | | 242.73- | | | | | | |
| 09/18/96 | 09/18/96 | 251.91- | | | | | $37,400.45 | DIRECT IMPOUND |
| | | 251.91- | | | | | | |
| 09/26/96 | 09/26/96 | 3.70- | | | | | $37,400.45 | DIRECT IMPOUND |
| | | | | | 3.70- | | | |
| 10/01/96 | 10/01/96 | 380.80 | | | 280.50 | 100.30 | $37,300.15 | |
| 11/04/96 | 11/04/96 | 380.80 | | | | | $37,300.15 | DIRECT IMPOUND |
| | | 380.80 | | | | | | |
| 12/03/96 | 12/03/96 | 380.80- | | | | | $37,300.15 | DIRECT IMPOUND |
| | | 380.80- | | | | | | |
| 12/03/96 | 11/01/96 | 380.80 | | | 279.75 | 101.05 | $37,199.10 | |

ABOVE TRANSACTION REVERSED AND CREDITED TO 11-1-96 PAYMENT PER LETTER FROM
MARCIA DOCTOR (HK)

| Date Received | Paid To | Amount Received | Late Charge | NSF Paid | Interest Charge | Prin Applied | Prin Balance | |
|---|---|---|---|---|---|---|---|---|
| 12/03/96 | 12/01/96 | 380.80 | | | 278.99 | 101.81 | $37,097.29 | |
| 12/12/96 | 12/12/96 | 40.00- | | | | | $37,097.29 | DIRECT IMPOUND |
| | | | 40.00- | | | | | |
| 12/24/96 | 12/24/96 | 4.01- | | | | | $37,097.29 | DIRECT IMPOUND |
| | | | | | 4.01- | | | |
| 01/03/97 | 01/03/97 | 380.80 | | | | | $37,097.29 | DIRECT IMPOUND |
| | | 380.80 | | | | | | |
| 02/04/97 | 01/01/97 | 278.23 | | | 278.23 | | $37,097.29 | |
| 02/04/97 | 02/01/97 | 278.23 | | | 278.23 | | $37,097.29 | |
| 02/04/97 | 02/04/97 | 125.66- | | | | | $37,097.29 | DIRECT IMPOUND |
| | | 50.00     175.66- | | | | | | |
| 02/06/97 | 02/06/97 | 40.00- | | | | | $37,097.29 | DIRECT IMPOUND |
| | | | | | 40.00- | | | |
| 02/06/97 | 02/06/97 | 566.11- | | | | | $37,097.29 | DIRECT IMPOUND |
| | | | | | 566.11- | | | |
| 02/18/97 | 02/18/97 | 40.00- | | | | | $37,097.29 | DIRECT IMPOUND |
| | | | 40.00- | | | | | |
| 02/28/97 | 02/28/97 | 266.00- | | | | | $37,097.29 | DIRECT IMPOUND |
| | | | | | 266.00- | | | |
| 03/04/97 | 03/01/97 | 278.23 | | | 278.23 | | $37,097.29 | |
| 03/04/97 | 03/04/97 | 102.57 | | | | | $37,097.29 | DIRECT IMPOUND |
| | | 102.57 | | | | | | |

# C A P I T A L   C I T Y   M T G E .   C O R P .

01   L O A N L E D G E R   00035032
01-31-2000

Account Name STEWART, JANIS            CONTINUED  PAGE NUMBER 9
                                       PAYMENT SCHEDULE

| Date Received R E TA | Paid To | Amount Received INS INT DE | Late Charge LGLFEE | NSF Paid INT ES | Interest Charge MISC | Prin Applied ARREAR | Prin Balance INSPEC | TITLRP |
|---|---|---|---|---|---|---|---|---|
| 03/06/97 | 03/06/97 | 50.00- | | | | | $37,097.29 | DIRECT IMPOUND |
| | | | 50.00- | | | | | |
| 03/14/97 | 03/14/97 | 50.00 | | | | | $37,097.29 | DIRECT IMPOUND |
| 50.00 | | | | | | | | |
| 04/15/97 | 04/01/97 | 278.23 | | | 278.23 | | $37,097.29 | |
| 04/15/97 | 04/15/97 | 102.57 | | | | | $37,097.29 | DIRECT IMPOUND |
| | | 102.57 | | | | | | |
| 04/15/97 | 04/15/97 | | | | | | $37,097.29 | DIRECT IMPOUND |
| 394.64 | | | 410.28- | 7.71 | 7.93 | | | |
| 04/15/97 | 04/15/97 | 50.00 | | | | | $37,097.29 | DIRECT IMPOUND |
| 50.00 | | | | | | | | |
| 05/06/97 | 04/30/97 | 241.91- | | | | | $37,097.29 | DIRECT IMPOUND |
| 241.91- | | | | | | | | |
| 05/13/97 | 05/13/97 | 30.00- | | | | | $37,097.29 | DIRECT IMPOUND |
| | | | | | 30.00- | | | |
| 05/21/97 | 05/21/97 | 9.12- | | | | | $37,097.29 | DIRECT IMPOUND |
| | | | | 9.12- | | | | |
| 06/02/97 | 06/02/97 | 50.00 | | | | | $37,097.29 | DIRECT IMPOUND |
| 50.00--- | | | | | | | | |
| 06/09/97 | 05/01/97 | 297.27 | 19.04 | | 278.23 | | $37,097.29 | |
| 06/09/97 | 06/09/97 | 83.53 | | | | | $37,097.29 | DIRECT IMPOUND |
| 83.53 | | | | | | | | |
| 06/20/97 | 06/20/97 | 9.12- | | | | | $37,097.29 | DIRECT IMPOUND |
| | | | | 9.12- | | | | |
| 07/07/97 | 06/01/97 | 297.27 | 19.04 | | 278.23 | | $37,097.29 | |
| 07/07/97 | 07/07/97 | 73.53 | | | | | $37,097.29 | DIRECT IMPOUND |
| 58.38 | | | | 15.15 | | | | |
| 07/24/97 | 07/24/97 | 60.00 | | | | | $37,097.29 | DIRECT IMPOUND |
| 60.00 | | | | | | | | |
| 08/29/97 | 07/01/97 | 297.27 | 19.04 | | 278.23 | | $37,097.29 | |
| 08/29/97 | 08/29/97 | 133.73 | | | | | $37,097.29 | DIRECT IMPOUND |
| | | | 130.00 | 3.09 | 0.64 | | | |
| 09/26/97 | 08/01/97 | 297.27 | 19.04 | | 278.23 | | $37,097.29 | |
| 09/26/97 | 09/26/97 | 133.53 | | | | | $37,097.29 | DIRECT IMPOUND |
| | | | | | 133.53 | | | |
| 10/14/97 | 09/01/97 | 297.27 | 19.04 | | 278.23 | | $37,097.29 | |
| 10/14/97 | 10/14/97 | 133.59 | | | | | $37,097.29 | DIRECT IMPOUND |
| 50.00 | | | | | 83.59 | | | |

# C A P I T A L   C I T Y   M T G E .   C O R P .

01    L O A N L E D G E R    00035032
01-31-2000

Account Name  STEWART, JANIS                    CONTINUED   PAGE NUMBER 10
                                                    PAYMENT SCHEDULE

| Date Received | Paid To | Amount Received | Late Charge | NSF Paid | Interest Charge | Prin Applied | Prin Balance | |
|---|---|---|---|---|---|---|---|---|
| R E TA | | INS    INT DE | LGLFEE | INT ES | | MISC    ARREAR | INSPEC | TITLRP |
| 10/27/97 10/27/97 | | 297.27 | 19.04 | | 278.23 | | $37,097.29 | |
| 10/27/97 10/27/97 | | 133.53 | | | | | $37,097.29 | DIRECT IMPOUND |
| 133.53 | | | | | | | | |
| 11/17/97 11/17/97 | | 152.57 | | | | | $37,097.29 | DIRECT IMPOUND |
| 50.00 | | | | | 102.57 | | | |
| 11/10/97 11/01/97 | | 278.23 | | | 278.23 | | $37,097.29 | |
| 11/24/97 11/24/97 | | 151.77 | | | | | $37,097.29 | DIRECT IMPOUND |
| 50.00 | | | | | 101.77 | | | |
| 11/24/97 12/01/97 | | 278.23 | | | 278.23 | | $37,097.29 | |
| 12/24/97 12/24/97 | | 1.00- | | | | | $37,097.29 | DIRECT IMPOUND |
| | | | | | 1.00- | | | |
| 01/07/98 01/07/98 | | 152.57 | | | | | $37,097.29 | DIRECT IMPOUND |
| | | | | | 1.00    151.57 | | | |
| 01/07/98 01/01/98 | | 278.23 | | | 278.23 | | $37,097.29 | |
| 02/10/98 02/01/98 | | 314.44 | | | 278.23 | 36.21 | $37,061.08 | |
| 03/04/98 03/01/98 | | 380.80 | | | 277.96 | 102.84 | $36,958.24 | |
| 03/13/98 03/01/98 | | 380.80- | | | 277.96- | 102.84- | $37,061.08 | |

ABOVE FOR CHECK # 323 FOR $380.80 POSTED 03-04-98 AND RETURNED BY BANK NSF(SK)

| Date Received | Paid To | Amount Received | Late Charge | NSF Paid | Interest Charge | Prin Applied | Prin Balance | |
|---|---|---|---|---|---|---|---|---|
| 03/26/98 03/25/98 | | 251.91- | | | | | $37,061.08 | DIRECT IMPOUND |
| 251.91- | | | | | | | | |
| 03/26/98 03/25/98 | | 252.17- | | | | | $37,061.08 | DIRECT IMPOUND |
| 252.17- | | | | | | | | |
| 03/27/98 03/01/98 | | 380.80 | 19.04 | | 277.96 | 83.80 | $36,977.28 | |
| 04/14/98 04/14/98 | | 25.00- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | | 25.00- | | | |
| 04/23/98 04/23/98 | | 3.80- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | | 3.80- | | | |
| 05/21/98 05/21/98 | | 3.80- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | | 3.80- | | | |
| 05/29/98 05/29/98 | | 103.47 | | | | | $36,977.28 | DIRECT IMPOUND |
| 103.47 | | | | | | | | |
| 05/29/98 04/01/98 | | 296.38 | 19.05 | | 277.33 | | $36,977.28 | |
| 06/25/98 06/22/98 | | 3.02- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | | 3.02- | | | |

# C A P I T A L   C I T Y   M T G E .   C O R P .

PAGE NO 11                01   L O A N L E D G E R      00035032
LOANRP41.R02                        01-31-2000

Account Name  STEWART, JANIS            CONTINUED  PAGE NUMBER 11
                                        PAYMENT SCHEDULE

| Date Received R E TA | Paid To | Amount Received INS / INT DE | Late Charge LGLFEE | NSF Paid INT ES | Interest Charge MISC | Prin Applied ARREAR | Prin Balance INSPEC | TITLRP |
|---|---|---|---|---|---|---|---|---|
| 07/08/98 | 07/08/98 | 104.43 | | | | | $36,977.28 | DIRECT IMPOUND |
| 57.08 | | | | 10.62 | 36.73 | | | |
| 07/08/98 | 05/01/98 | 296.37 | 19.04 | | 277.33 | | $36,977.28 | |
| 07/27/98 | 07/19/98 | 2.32- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | 2.32- | | | | |
| 08/25/98 | 08/19/98 | 2.32- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | 2.32- | | | | |
| 08/28/98 | 08/28/98 | 168.26 | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | 4.64 | 163.62 | | | |
| 08/28/98 | 06/01/98 | 296.37 | 19.04 | | 277.33 | | $36,977.28 | |
| 08/28/98 | 07/01/98 | 296.37 | 19.04 | | 277.33 | | $36,977.28 | |
| 09/24/98 | 09/24/98 | 1.09- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | 1.09- | | | | |
| 10/20/98 | 10/19/98 | 1.09- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | 1.09- | | | | |
| 10/26/98 | 10/26/98 | 84.63 | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | 2.18 | 82.45 | | | |
| 10/26/98 | 08/01/98 | 296.37 | 19.04 | | 277.33 | | $36,977.28 | |
| FORECLOSURE 11-12-98 | | | | | | | | |
| 11/13/98 | 11/13/98 | 95.00- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | | | 95.00- | | |
| 11/20/98 | 11/20/98 | 1.18- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | 1.18- | | | | |
| 12/22/98 | 12/22/98 | 1.18- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | 1.18- | | | | |
| 01/20/99 | 01/20/99 | 1.18- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | 1.18- | | | | |
| 01/22/99 | 01/22/99 | 90.00- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | 90.00- | | | | | |
| 02/22/99 | 02/22/99 | 1.86- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | 1.86- | | | | |
| 03/10/99 | 03/10/99 | 112.00- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | | | | 112.00- | |
| 03/24/99 | 03/24/99 | 2.70- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | 2.70- | | | | |
| 04/21/99 | 04/21/99 | 2.70- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | 2.70- | | | | |
| 05/19/99 | 05/19/99 | 225.00- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | 225.00- | | | | | |

# C A P I T A L   C I T Y   M T G E .   C O R P .

**01   L O A N L E D G E R   00035032**
01-31-2000



Account Name  STEWART, JANIS            CONTINUED  PAGE NUMBER 12
                                        PAYMENT SCHEDULE

| Date Received | Paid To | Amount Received | Late Charge | NSF Paid | Interest Charge | Prin Applied | Prin Balance | |
|---|---|---|---|---|---|---|---|---|
| R E TA | | INS   INT DE | LGLFEE | INT ES | MISC | ARREAR | INSPEC | TITLRP |
| 05/24/99 05/19/99 | | 4.39- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | | 4.39- | | | |
| 06/15/99 06/15/99 | | 1.00- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | 1.00- | | | | | |
| 06/15/99 06/15/99 | | 20.18- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | 20.18- | | | | | |
| 06/17/99 06/17/99 | | 25.00- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | 25.00- | | | | | |
| 06/17/99 06/17/99 | | 225.00- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | 225.00- | | | | | |
| 06/23/99 06/21/99 | | 6.42- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | | 6.42- | | | |
| 07/02/99 07/02/99 | | 291.20- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | | | 291.20- | | |
| 07/02/99 09/01/98 | | 291.20 | 13.87 | | 277.33 | | $36,977.28 | |
| 07/02/99 07/02/99 | | 291.20- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | | | 291.20- | | |
| 07/02/99 10/01/98 | | 291.20 | 13.87 | | 277.33 | | $36,977.28 | |
| 07/02/99 07/02/99 | | 291.20- | | | | | $36,977.28 | DIRECT IMPOUND |
| | | | | | | 291.20- | | |
| 07/02/99 11/01/98 | | 291.20 | 13.87 | | 277.83 | 0.50- | $36,977.78 | |
| 07/02/99 07/02/99 | | 291.20- | | | | | $36,977.78 | DIRECT IMPOUND |
| | | | | | | 291.20- | | |
| 07/02/99 12/01/98 | | 291.20 | 13.87 | | 277.33 | | $36,977.78 | |
| 07/02/99 07/02/99 | | 291.20- | | | | | $36,977.78 | DIRECT IMPOUND |
| | | | | | | 291.20- | | |
| 07/02/99 01/01/99 | | 291.20 | 13.87 | | 277.33 | | $36,977.78 | |
| 07/02/99 07/02/99 | | 291.20- | | | | | $36,977.78 | DIRECT IMPOUND |
| | | | | | | 291.20- | | |
| 07/02/99 02/01/99 | | 291.20 | 13.87 | | 277.33 | | $36,977.78 | |
| 07/02/99 07/02/99 | | 291.20- | | | | | $36,977.78 | DIRECT IMPOUND |
| | | | | | | 291.20- | | |
| 07/02/99 03/01/99 | | 291.20 | 13.87 | | 277.33 | | $36,977.78 | |

ABOVE TRANSACTIONS 07-02-99 ARE NONCASH TRANSACTIONS TO BRING ACCOUNT CURRENT
IN CONJUNCTION WITH CASH TRANSACTIONS OF 7-02-99 POSTED BELOW

| 07/02/99 07/02/99 | | 372.27 | | | | | $36,977.78 | DIRECT IMPOUND |
| | | | 372.27 | | | | | |

# C A P I T A L   C I T Y   M T G E .   C O R P .

PAGE NO 13                    01   L O A N L E D G E R    00035032
LOANRP41.R02                        01-31-2000

Account Name  STEWART, JANIS              CONTINUED  PAGE NUMBER 13
                                             PAYMENT SCHEDULE

| Date Received R E TA | Paid To | Amount Received INS     INT DE | Late Charge LGLFEE | NSF Paid INT ES | Interest Charge | Prin Applied MISC    ARREAR | Prin Balance INSPEC | TITLRP |
|---|---|---|---|---|---|---|---|---|
| 07/02/99 | 04/01/99 | 291.20 | 13.87 | | 277.33 | | $36,977.78 | |
| 07/02/99 | 05/01/99 | 291.20 | 13.87 | | 277.33 | | $36,977.78 | |
| 07/02/99 | 06/01/99 | 291.20 | 13.87 | | 277.33 | | $36,977.78 | |
| 07/02/99 | 07/01/99 | 277.33 | | | 277.33 | | $36,977.78 | |

ABOVE 5 TRANSACTIONS FOR $1523.20 ARE FOR 11 MONEY ORDERS AND 1 CHECK RECEIVED
FROM LAW OFFICE OF DOCTER, DOCTER & LYNN ON BEHALF OF BORROWER RECEIVED
07-01-99.
THE POSTINGS TO THE ACCOUNT 07-02-99 ARE THE INTEREST PAYMENTS FROM 09-01-98
THROUGH 07-01-99 (SWK)

| Date Received | Paid To | Amount Received | Late Charge | NSF Paid | Interest Charge | Prin Applied MISC    ARREAR | Prin Balance | TITLRP |
|---|---|---|---|---|---|---|---|---|
| 07/06/99 | 07/06/99 | | | | | | $36,977.78 | DIRECT IMPOUND |
| | | 372.27- | 586.18 | 21.61 | 62.71 | 505.23-   95.00 | 112.00 | |

TO RECLASSIFY ESCROW BALANCES TO THE ARREARS ACCOUNT AFTER BRINGING
ACCOUNT CURRENT ON A MONTHLY BASIS SO THAT ESCROW BALANCES ARE -0- AT 7-6-99

| 07/12/99 | 07/12/99 | 50.00- | | | | | $36,977.78 | DIRECT IMPOUND |
| | | | | | | 50.00- | | |
| 08/10/99 | 08/01/99 | 380.80 | | | 277.33 | 103.47 | $36,874.31 | |

2 MONEY ORDERS TOTALLING $380.80 RECEIVED FROM DOCTER,DOCTER&LYNN (SWK)

| 09/02/99 | 09/02/99 | 672.17- | | | | | $36,874.31 | DIRECT IMPOUND |
| | | 672.17- | | | | | | |
| 09/20/99 | 09/01/99 | 400.80 | 19.04 | | 276.56 | 105.20 | $36,769.11 | |
| 09/19/99 | 09/19/99 | 977.82- | | | | | $36,769.11 | DIRECT IMPOUND |
| | | 977.82- | | | | | | |
| 09/22/99 | 09/22/99 | 5.42- | | | | | $36,769.11 | DIRECT IMPOUND |
| | | | | | 5.42- | | | |
| 10/07/99 | 10/01/99 | 380.80 | | | 275.77 | 105.03 | $36,664.08 | |

TWO MONEY ORDERS TOTALLING $380.80 RECEIVED FROM BORROWER FROM DOCTER,DOCTER
& LYNN (SWK)

| 10/28/99 | 10/28/99 | 12.75- | | | | | $36,664.08 | DIRECT IMPOUND |
| | | | | | 12.75- | | | |
| 11/05/99 | 11/01/99 | 380.80 | | | 274.98 | 105.82 | $36,558.26 | |

** 11-12-1999 FORECLOSURE

| 11/11/99 | 11/11/99 | 225.00- | | | | | $36,558.26 | DIRECT IMPOUND |
| | | | 225.00- | | | | | |
| 11/22/99 | 11/22/99 | 14.44- | | | | | $36,558.26 | DIRECT IMPOUND |
| | | | | | 14.44- | | | |

# C A P I T A L   C I T Y   M T G E .   C O R P .

PAGE NO 14                    01    L O A N L E D G E R      00035032
LOANRP41.R02                          01-31-2000

Account Name  STEWART, JANIS            CONTINUED  PAGE NUMBER 14
                                        PAYMENT SCHEDULE

| Date Received | Paid To | Amount Received | Late Charge | NSF Paid | Interest Charge | Prin Applied | Prin Balance | |
|---|---|---|---|---|---|---|---|---|
| R E TA | | INS    INT DE | LGLFEE | INT ES | | MISC    ARREAR | INSPEC | TITLRP |
| 12/22/99 01/22/99 | | 14.44- | | | | | $36,558.26 | DIRECT IMPOUND |
| | | | | 14.44- | | | | |

THE ABOVE TRANSACTION POSTED"DATE RECEIVED" 12-22-99 IS "PAID TO" 12-22-99

| 01/03/00 01/03/00 | | 25.00- | | | | | $36,558.26 | DIRECT IMPOUND |
| | | | 25.00- | | | | | |
| 01/03/00 01/03/00 | | 225.00- | | | | | $36,558.26 | DIRECT IMPOUND |
| | | | 225.00- | | | | | |
| 01/04/00 01/04/00 | | 672.17 | | | | | $36,558.26 | DIRECT IMPOUND |
| | | 672.17 | | | | | | |

CHECK #0040966767 FROM ALLSTATE INSURANCE COMPANY FOR $672.17 DATED 12-29-99

| 01/10/00 01/10/00 | | 21.00- | | | | | $36,558.26 | DIRECT IMPOUND |
| | | | 21.00- | | | | | |
| 01/28/00 01/28/00 | | 11.43- | | | | | $36,558.26 | DIRECT IMPOUND |
| | | | | 11.43- | | | | |

---

| STATISTICS:  2000 | | | | | |
|---|---|---|---|---|---|
| | Accrued To Last | Today | | This Year | Overall |
| | | Next/Due  12/01/99 | | | |
| Principal Balance | | $36,558.26 | Principal Paid | 0.00 | $10,558.26- |
| Unpaid Late Chrges | 0.00 | $38.08 | Late Charges Paid | 0.00 | $739.03 |
| Unpaid NSF Charges | 0.00 | 0.00 | NSF Charges Paid | 0.00 | 0.00 |
| Interest Unpaid | 0.00 | $26.53 | Interest Paid | 0.00 | $25,509.71 |
| Payment(s) Due | | $799.52 | Total | 0.00 | $15,690.48 |
| Payoff Today | | $36,622.87 | | | |

01-31-2000 14:10:34 by USER

35 03

# NOTE

July 27,               1993          Washington, District of Columbia

3401 Brother's Place, S.E. Washington, D.C.   20032-1515
Property Address

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $26,000.00      (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is Capital City Mortgage Corporation. I understand that the Lender may transfer this Note. The Lender or  anyone who takes this Note by transfer and who is entitled to receive  payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount  of principal has been paid. I will pay interest at a yearly rate of 20.000            per cent per annum.. The Annual Percentage Rate on  this loan is ____%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments
I will pay principal and interest by making payments every month. I will make my monthly payments on the 1st day of each month beginning on September 1,        19 93   . I will make these payments every  month until I have paid all of the principal and interest and any other  charges described below that I may owe under this Note. My monthly  payments will be applied to interest before principal. If, on  August 1, 2003            , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

The usage of the word "current" through a given date describes the  status of the required periodic payments and does not preclude there being  arrearages and advances added to the original principal balance at the  option of the note holder and due under the terms of the note regarding  the principal balance or escrow balances which are due

1

according to the  terms of the note.

I will make my monthly payments at 1223 11th Street, N.W., Washington, D.C. 20001, or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S.$ 504.09 .

The monthly payment will increase as necessary to be sufficient to  accommodate the interest portion of the monthly payment if the principle  balance increases.

(C)  Interim Interest

The interim interest will be billed subsequent to settlement for the interest accruing from the settlement date to the first of the month following settlement.  That amount must be paid by the first of the month  following settlement.

4. LOAN CHARGES
If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be  refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial payment.

5. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charges for Overdue Payments
If the Note Holder has not received the full amount of any monthly  payment by the end of ten calendar days after the date is due, I will pay  a late charge to the Note Holder. The amount of the charge will be 5% of  my overdue payment of principal and interest. I will pay this late charge  promptly but only once on each late payment.

(B) Default
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default
If I am in default,  the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all interest that I owe on that amount without further demand.

2

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

6. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

8. WAIVERS

I and any other person who has obligation under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

9. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes

3

how and under what conditions I may be required to make immediate
payment  in full of all amounts I owe under this Note. Some of those

conditions ·are described as follows:
     Transfer of the Property or a Beneficial Interest in Borrower.

     If all or any part of the Property or any interest in it is
sold or  transferred (or if a beneficial interest in Borrower is
sold or  transferred and Borrower is not a natural person) without
Lender's  prior written consent, Lender may, at its option, require
immediate  payment in full of all sums secured by this     Security
Instrument. However, this option shall not be exercised by Lender
if exercise is prohibited by federal law as of the date of this
Security Instrument.  If the Lender exercises this option, Lender
shall give Borrower notice of acceleration. The notice shall
provide a period of not less than 30 days from the date the notice
is delivered or mailed within which Borrower must pay all sums
secured by this Security Instrument. If Borrower fails to pay these
sums prior to the expiration of this period, Lender may invoke any
remedies permitted by this Security Instrument without further
notice or demand on Borrower.


10. Payments required by this note are to be made with certified funds.

11. It is further understood and agreed that payments required any
superior deed(s) of trust note(s) are to be paid to the holder of this
note monthly by certified funds who in turn will forward the payment to
the superior deed(s) of trust note(s) holder(s).


In the event that this note is a deferred purchase note, the note escrow
account will be debited in the amount of any water escrows charged to
the seller by the title company.  The escrow account will then be
credited to the extent of any refund from the title company, or proof of
payment by the title company for the amount of water consumption prior
to settlement.

12. The borrower will have the right to prepay during the first three
years from the note date only upon the payment of an amount equal to two
  months advance interest on the aggregate amount of all prepayments in
excess of one-third of the amount of the original loan made in any
twelve  month period. There is the right to prepay without penalty at
any time  after three years from the inception of the note.

13.  In the event of any filing under any chapter of the United States
Bankruptcy Code ("bankruptcy proceeding"), the Lender shall be entitled
to charge interest on all accrued interest, foreclosure costs, attorneys
fees (whether incurred as a result of the foreclosure or the bankruptcy
proceeding) or other pre-petition arrearage payable pursuant to or

4

through any plan in the bankruptcy proceeding.  In the event any post-petition arrears occur and those amounts are payable pursuant to or through any plan, the Lender shall be entitled to charge interest on those amounts the same as if they were pre-petition arrears.  Said interest shall be at the same rate charged under this Promissory Note.

14.    Upon the completion of a foreclosure of the note, all right to

title and interest in and to the balance of funds to be used for the payment of taxes, insurance and other charges deposited with the holder of superior liens, mortgages and deeds of trust notes secured by the same  property is assigned to the holder of this note.

15.   In the event that this note is a deferred purchase note, interest will occur at the note rate  for the period commencing at the date settlement was required under the contract of sale (absent the contract of sale condition requiring a receipt of a report of title as a prerequisite to settlement) to the actual settlement and note date.  The interest will be added to the note balance immediately subsequent to the creation of the note.  Real Estate taxes will be readjusted immediately after settlement such to reimburse the holder for the period commencing at the date settlement was required under the contract of sale (absent the contract of sale condition requiring a receipt of a report of title as a prerequisite to settlement) to the actual settlement and note date. The holder of the note will be reimbursed by the maker of the note for all funds escrowed as water escrows on the sale settlement sheet.

16.   It is further agreed that if a deed of trust or any other lien inferior or junior to this deed of trust secured by the same property collateralizing this deed of trust is created, the entire balance of note  shall immediately become due and payable.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Jnnis A. Stewart_ (SEAL)
Borrower

_____ (SEAL)
Borrower

_____ (SEAL)
Borrower


STATE OF MARYLAND, ___Howard___ County.

        Sworn to and subscribed before me this _27TH_ day of _July_ _____, 19_93_____.


My Commission Expires:

_____          Notary Public

JON L. SANDLER
NOTARY PUBLIC                  CAPITAL CITY MORTGAGE CORP.
HOWARD CO., MD.
MY COMM. EXPS. MARCH 6, 1996
                               By:_____
                                     THOMAS K. NASH
                                        President

PAY TO THE ORDER OF
COMMERCE BANK CORPORATION
WITHOUT RECOURSE OR WARRANTY
COLLATERALIZING NOTE DATED
AUGUST 17, 1990 MADE BY
B. I. G., L. P.
CAPITAL CITY MORT. CORP.

BY

THOMAS K. NASH, PRESIDENT



THE I DECATUR

After Recording Mail to: Capital City Mortgage 1223 11th St, NW Washington, DC 20001

**DEED OF TRUST**

THIS  DEED  OF  TRUST  is  made  this  ___27th___  day  of
July _____ , 1993 _____ ,  among  the  Grantor
Janis A. Stewart, AN UNMARRIED WOMAN
(herein "Borrower"), James J. Ruppert and John M. Ruppert (herein
"Trustee"),  and  the  Beneficiary,  Capital  City  Mortgage
Corporation,  a  corporation  organized  and  existing  under  the  laws
of  the  District  of  Columbia,  whose  address  is  1223  11th  Street,
N.W.,  Washington,  D.C.  20001  (herein  "Lender").

BORROWER,  in  consideration  of  the  indebtedness  herein
recited  and  the  trust  herein  created,  irrevocably  grants  and
conveys  to  Trustee,  in  trust,  with  power  of  sale,  the  following
described  property  located  in  the  District  of  Columbia:

Lots  numbered  One  (1)  and  Two  (2)  in  Block  numbered  Two  (2)
in  Barnard  and  Johnson,  Trustees'  Addition  to  Congress  Heights
as  per  plat  recorded  in  Liber  County  18  at  folio  22  in  the
Office  of  the  Sruveyor  for  the  District  of  Columbis:  said
land  being  now  for  purposes  of  assessment  and  taxation  known
as  Lots  1  and  2  in  Square  6006.

Now  known  for  purposes  of  assessment  and  taxation  as  Square
6006,  Lot  Eight  Hundred  Three  (803).

which  has  the  address  of:
    3401  Brothers  Place,  S.E.   Washington,  D.C.   20032-1515 ___ ,
Washington,  D.C. __20032-1515___  (herein  "Property  Address");
              (Zip  Code)

    Together  with  all  the  improvements  now  or  hereafter  erected
on  the  property,  and  all  easements,  rights,  appurtenances  and
rents  (subject  however  to  the  rights  and  authorities  given  herein
Lender  to  collect  and  apply  such  rents),  all  of  which  shall  be
deemed  to  be  and  remain  a  part  of  the  property  covered  by  this
Deed  of  Trust;  and  all  of  the  foregoing,  together  with  said
property  (or  the  leasehold  estate  if  this  Deed  of  Trust  is  on  a
leasehold)  are  hereinafter  referred  to  as  the  "Property";

    TO  SECURE  to  Lender  the  repayment  of  the  indebtedness
evidenced  by  Borrower's  note  dated July 27, 1993 _____  and
extensions  and  renewals  thereof  (herein  "Note"),  in  the  principal
sum  of  U.S.  $ __26,000.00_____ ,  with  interest

1

thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on August 1, 2003    ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal and Interest. Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. Funds for Taxes and Insurance. Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust is such holder is an institutional lender. If Borrower pays Funds to Lender, the Funds shall be held in an institution, the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender

shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust. If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require. Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. Application Payments. Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. Prior Mortgages and Deeds of Trust; Charges; Liens. Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. Hazard Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as the Lender may require. The insurance carrier providing the insurance shall be chosen by Borrower, subject to approval by Lender provided, that such approval shall not be unreasonably withheld. All insurance

policies and renewals thereof shall be in a form acceptable to
Lender and shall include a standard mortgage clause in favor of
and in a form acceptable to Lender.  Lender can obtain insurance
if the Borrower fails to provide insurance on aforesaid and
demand immediate reimbursement from the Borrower.  Lender shall
have the right to hold the policies and renewals thereof, subject
to the terms of any mortgage, deed of trust or other security
agreement with a lien which has priority over this Deed of Trust.
In the event of loss, Borrower shall give prompt notice to the
insurance carrier and Lender.  Lender may make proof of loss if
not made promptly by Borrower.  If the Property is abandoned by
Borrower, or if Borrower fails to respond to Lender within 30
days from the date notice is mailed by Lender to Borrower that
the insurance carrier offers to settle a claim for insurance
benefits, Lender is authorized to collect and apply the insurance
proceeds at Lender's option either to restoration or repair of
the Property or to the sums secured by this Deed of Trust.

6.  Preservation and Maintenance of Property; Leaseholds;
Condominiums; Planned Unit Developments. Borrower shall keep the
Property in good repair and shall not commit waste or permit
impairment or deterioration of the Property and shall comply with
the provisions of any lease if this Deed of Trust is on a
leasehold.  If this Deed of Trust is on a unit in a condominium
or a planned unit development, Borrower shall perform all of
Borrower's obligations under the declaration or covenants
creating or governing the condominium or planned unit
development, the by-laws and regulations of the condominium or
planned unit development, and constituent documents.

7.  Protection of Lender's Security. If Borrower fails to
perform the covenants and agreements contained in this Deed of
Trust, or if any action or proceeding is commenced which
materially affects Lender's interest in the Property, then
Lender, at Lender's option, upon notice to Borrower, may make
such appearances, disburse such sums, including reasonable
attorney's fees, and take such action as is necessary to protect
Lender's interest.  If Lender required mortgage insurance as a
condition of making the loan secured by this Deed of Trust,
Borrower shall pay the premiums required to maintain such
insurance in effect until such time as the requirement for such
insurance terminates in accordance with Borrower's and Lender's
written agreement or applicable law.  Any amounts disbursed by
Lender pursuant to this paragraph 7, with interest thereon, at
the Note rate, shall become additional indebtedness of Borrower
secured by this Deed of Trust.  Unless Borrower and Lender agree
to other terms of payment, such amounts shall be payable upon
notice from Lender to Borrower requesting payment thereof.
Nothing contained in this paragraph 7 shall require Lender to
incur any expense or take any action hereunder.

4

8. Inspection. Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has a priority over this Deed of Trust.

10. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or rey hereunder, or otherwise afforded by applicable law, shall not be a waiver or preclude the exercise of any such right or remedy.

11. Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

12. Notice. Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or such other address as

Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. Governing Law; Severability. The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs", "expenses", and "attorney's fees" shall include all sums to the extent not prohibited by applicable law or limited herein.

14. Borrower's Copy. Borrower shall be furnished a conformed copy of the Note and this Deed of Trust at the time of execution or after recordation hereof.

15. Rehabilitation Loan Agreement. Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. Transfer of the Property. If Borrower sells or transfers all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b)a transfer by devise, descent, or by operation of law upon the death of a joint tenant, or (c) the grant of any leasehold interest of three years or less not containing an option to purchase, Borrower shall cause to be submitted information required by Lender to evaluate the transferee as if a new loan were being made to the transferee. Borrower will continue to be obligated under the Note and this Deed of Trust unless Lender releases Borrower in writing. If Lender, on the basis of any information obtained regarding the transferee, reasonably determines that Lender's security may be impaired, or that there is an unacceptable likelihood of a breach of any covenant or agreement in this Deed of Trust, or if the required information is not submitted, Lender may declare all of

6

the sums secured by this Deed of Trust to be immediately due and payable.  If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 12 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed or delivered within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on  Borrower, invoke any remedies  permitted by paragraph 17 hereof.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. Acceleration; Remedies.  Upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums by this Deed of Trust.  Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not  limited to, reasonable attorney's fees. If Lender invokes the power of sale, Lender shall send written notice in the manner prescribed by applicable law to Borrower and to other persons prescribed by applicable law of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall give notice of sale by such public advertisement as Trustee shall deem proper to protect the interests of Borrower and Lender. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including but not limited to, Trustee's fees of 5% of the gross sale price, reasonable attorney's fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) other excess, if any, to the person or persons legally entitled thereto.

18. Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if (a)Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorney's fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured thereby shall remain in full force and effect as if no acceleration had occurred.

19. Assignment of Rents; Appointment of Receiver; Lender In Possession. As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable. Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially approved receiver shall be entitled to enter upon, take possession and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

20. Release. Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to release this Deed of Trust and shall surrender all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall release this Deed of Trust with a reasonable charge to Borrower. Borrower shall pay all costs of recordation, if any.

21. **Substitute Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by recording a Deed of Appointment.    Without conveyance of the Property, the successor trustee shall succeed to all title, power and duties conferred upon the Trustee herein and by applicable law.' The powers herein, when granted to two or more trustees, may be exercised by any of them acting individually or be all acting together.

REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's Address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed the Deed of Trust.

_Jamis A.G. Stewart_
_____
                              Borrower

_____
                              Borrower

District of Columbia, SS:

I _JON L. SANDLER_, a Notary Public in and for the ~~District of Columbia,~~＊do hereby certify that _JANIS A. STEWART_ personally known to me as the person(s) who executed the foregoing instrument bearing date of _27TH_ day of _JULY_, 19_93_, personally appeared before me in said District and acknowledged said instrument to be _her_ act and deed, and that _She_ executed said instrument for the purposes therein contained.

                    ＊ STATE OF MARYLAND
                      COUNTY OF Howard

WITNESS my hand and official seal this _27TH_ day of _JULY_, 19_93_.

My Commission Expires:

_____

JON L. SANDLER
NOTARY PUBLIC
HOWARD CO., MD.
MY COMM. EXPS. MARCH 6, 1996

_____
                              Notary Public

It is further agreed that if the said property shall be advertised for sale, as herein provided, and not sold, the trustee or trustees acting shall be entitled to one-half the commission above provided, to be computed on the amount of debt hereby secured.

After Recording, Mail To:

                    Capital City Corporation
                    1223 11th Street, N. W.
                    Washington, D. C 20001

CCC29

                    10