IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC 2 7 2004

Denise H. Curtis, Clerk
U.S. Bankruptcy Court for D.C.

| | |
|---|---|
| JANIS STEWART | ) |
| | ) Case No. 00-00046 |
| Debtor | ) (Chapter 13) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | ) |
| JANIS STEWART | ) |
| Plaintiff | ) |
| | ) Adversary Proceeding |
| | No. 02-10020 |
| v. | ) |
| | ) |
| CAPITAL CITY MORTGAGE CORP. | ) |
| Defendants | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RESPONSE TO DEBTOR'S ATTORNEY'S STATEMENT OF FEES AND COSTS

Pursuant to this Court's order of November 10, 2004 the Creditor Capital City Mortgage Corporation hereby submits its Response to the Debtor's Attorney's Statement of Fees and Costs.

1.    The Court's order of November 10, 2004 provided, *inter alia,* that the debtor's counsel present a statement of attorney's fees incurred in enforcing the Agreement and Release through the date of trial of this proceeding.  In determining what was involved in enforcing the Agreement and Release we must turn to the relief sought by the debtor and what ensued.  The relief sought as set out in the Plaintiff's Pre-trial Statement under paragraph 7 was six-fold.  The substantive portions were contained in paragraph 7(a), (b), and

1

(c).  7(b) sought enforcement of the agreement as found by this court the

execution of the documents.  Paragraph 7(a) sought a determination of the

principal balance at a specific figure, a request upon which the debtor did not

prevail.  Paragraph 7(c) had three subparts only two of which related in any

way to the enforcement of the Agreement.  7(c)(b) sought application of the

payments in accordance with an original amortization schedule, relief not

granted.  Paragraph 7(c)(c) sought cancellation of charges inconsistent with

the Note of August 1, 1996, relief that was granted.


2.     Before turning to major problems with the Statement of Fees and Costs

submitted certain inconsistencies must be noted.  In anticipation of the

hearing on these issues that took place in April of 1993 exhibits were

exchanged between the parties.  Among the exhibits provided by Debtor's

counsel was "Exhibit 37, Time and Charges of Docter, Docter & Lynn, P.C.,

dated 4/25/03."  That exhibit, although dated 4/25/03, included charges

incurred up to and including only 4/23/03.  Among those charges were certain

items as follows:

12/31/02 HDW Prepare pretrial Statement 1.50   $185.00hr          $277.50

1/3/03     HDW Draft Response to Watson's letter .40 $185.00hr      $ 74.00

1/21/03 HDW Prepare with MKD for Court Appearance 1.00 $185   $185.00

1/22/03 HDW Attend Hearing with MKD. Assist with
                    Organization of Documents   2.10  $185.00      NO Charge

1/30/03 HDW Review MKD and DDL Legal Fees .50 $185.00       $ 92.50

See attached Exhibit A Statement of Attorney's Fees dated April 25, 2003.

3.      In the Statement submitted to the court dated December 9, 2004 each and every one of these items has been altered. The hourly rate has been increased to $215.00 per hour and the "NO CHARGE" item has been charged in full. This alone has unfairly increased the fees by $553.50. This aside from the question of whether Capital City or Ms Stewart should be billed for the time spent by counsel in reviewing their own bills.

4.      In addition to that entry for fees incurred in reviewing counsel's own billing (the above 1/30/03 entry), there was also a billing for reviewing fees on 1/31/03. That entry amounted to another $60.00. Surely these reviews cannot be interpreted as enforcing the agreement.

5.      It is to be noted that the court was quite specific in its order that the debtor's counsel's attorney fees statement be for amounts incurred "through the date of the trial of this proceeding." Despite this admonition the statement's last two entries are dated 5/7/03, which was post trial and 11/18/04 subsequent even to this court's order. These amounts must be disallowed.

6.      Included on page 3 of the current statement is an entry as follows: "6/19/00 MKD Prepare letter to DC; Telephone conference with Nancy Smith regarding DC tax claim .30, $300.00/hr $90.00." Clearly the District of Columbia's tax claim is not the responsibility of Capital City or related in any way. This is acknowledged by Debtor's counsel as in every other instance of contact with D.C. regarding the tax claim the entry is noted as "NO CHARGE."

7.      It is axiomatic that the time spent and therefore billed should bear some

reasonable relation to the issues at hand. Nonetheless, there are entries for which there can be no rational reason. The first case in point is as follows: "4/4/03 MKD Read and review prior testimony of Jack Matis 3.30 $300.00/hr $990.00." John G. (Jack) Matis was employed by Capital City as a bookkeeper from 1986 until late 1992. As such he was gone from Capital City prior to the original note and for a period of four years before the renegotiated agreement between Ms Stewart and Capital City. He was further gone from Capital City for over seven years prior to Ms Stewart's bankruptcy petition filing and the payments at issue. In any event as a bookkeeper he would only have dealt with the posting of payments and charges, not items that are a matter of "enforcing the settlement agreement." The deposition reviewed was not even taken in this case but in another unrelated matter. Mr. Matis was not called as a witness by either party. There is no justification for charging almost $1,000.00 to read the deposition of an employee gone for years before the incidents at hand.

8.      This situation arises again with the following entry: 4/24/03 MKD Read and review Kaufmann's prior testimony (vol. 2). 2.50 $300.00/hr $750.00." Herbert Kaufman was a bookkeeper employed by Capital City from 1994 until November 1997. He was not called as a witness by either party. He was not present during the period for which payments were disputed. More significantly, as a bookkeeper he would have only dealt with the posting of payments and charges that appear on the then Loan Ledger. He had no discretionary authority and could testify only to the entries made. There is no

justification for billing $750.00 to read his deposition taken in an unrelated case.

9.    A similar situation arises with the following items: "4/9/03 MKD Read and review prior testimony of Kuhn 1.60 $300.00/hr $480.00"; "4/21/03 MKD Read and review prior testimony of Kuhn 1.50 #300.00/hr $450.00"; "4/22/03 Read and review prior testimony7 of Kuhn 2.00 $300.00/hr $300.00"; "4/23/03 Complete review of prior testimony of Kuhn. (3 volumes). .30 $300.00/hr $90.00." Thus, over $1300.00 was charged to read the depositions of Mr. Kuhn from an unrelated case when his entire testimony concerned the payments made by Ms Stewart. Whether Ms Stewart made the payments as she alleged or as shown by Capital City's records was an issue in no way concerning the enforcement of the agreement. In fact it was Capital City's records that were shown to be correct. Clearly Capital City should not be required to pay for something other than an enforcement issue particularly when it was shown that its records were correct.

10.    This leads specifically to the issue of what is or is not a fee or cost incurred in "enforcing the Agreement and Release." The matter of whether a payment was or was not made by Ms Stewart cannot be considered related to enforcing the Agreement. The question of which payments were or were not made arose in the context of the bankruptcy filing and had nothing to do with the enforcement. It must be remembered that all payments made at any time by Ms Stewart were credited to her principal and interest, no amounts were put against the disputed charges for taxes, repairs, attorney fees, etc.

11.      Therefore any and all entries that identify time spent in dealing with the determination of payments made and their application on the ledger cannot be the responsibility of Capital City.   The following entries must then be disallowed: 5/18/00 MKD Conference with Watson, Kuhn regarding ledger 2.00 $300.00/hr $600.00"; "8/28/00 MKD Telephone conference with Letisha (sic) Watson regarding accounting issues, meeting. 0.20 $300.00/hr $60.00"; "2/3/03 MKD Compare with Trustee's records. 1.00 $300.00 $300.00."; "4/20/03 MKD Read and review file regarding payments made. 1.30 $300.00/hr $390.00"; "4/22/03" Read and review all Stewart files to gather all payments from January 1996 thru present. 2.50 $75.00/hr $187.50."

12.      Unfortunately when dealing with most of this statement things are not so clear cut. One cannot determine how the time expended was actually spent.  It is clear that only a portion of the time expended by the debtor's counsel was to "enforce the Agreement."  However, there are numerous entries on the statement including but not limited to "trial preparation," Read and review files," "Attendance at trial" from which no possible determination can be made as to what portion was expended to "enforce the Agreement." This lack of specificity makes it impossible to make a fair allocation of fees.  As this court has already noted in its opinion of November 10, 2004 charges must be disallowed for lack of detail.  The court is put in the position of having to virtually pull a figure out of the air.  In fact a consideration in determining a fair allocation that the debtor's counsel had the original agreement in her possession and failed to provide it to Capital City until

December 2002. Surely this contributed to the delay and subsequent cost to both parties.

13. The court, in its November 10, 2004 opinion dealt with the reasonableness of certain attorney fees charged by Capital City. For example the court disallowed a $680.00 charge for preparing and filing a proof of claim. Reasonableness must be a factor here as well. The debtor's counsel is charging an hourly rate of $300.00, a figure well in excess of what is reasonable in a not overly complex Chapter 13 proceeding. In fact in five days prior to and including trial (4/24, 4/25, 4/27, 4/28, and 4/29/03) the debtor's counsel reportedly imposed fees of $11,605.00. A clear picture of the unreasonableness of the fees can be gained by comparing the fees of $32,604.11 claimed to the total present principal balance of only $27,249.00. the fact that a third party may conceivably be responsible for payment of the attorney fees should not mean that any amount whatsoever can be charged. Would the court, or anyone, in good conscience countenance a bill of this size were the sole responsible party (as it may well be), the debtor?

14. Lastly, it must be remembered that aside from any dispute about the terms of the Agreement and Release entered into in 1996, the debtor was in fact at all times relevant, in default of the agreement. That default was the result of the failure of the debtor to make required payments. It was not the result of any contrary interpretation of the agreement. Every penny paid by the debtor was applied to principal and interest. The disputed amounts were ledger entries only and no monies had been diverted to pay them. Even at the date of this

filing the debtor remains in default.

15.    It can therefore be seen that much of the billing submitted by debtor's counsel is duplicative or otherwise improper. The balance lacks the specificity required for the court to determine compliance with the Order and Opinion of November 10, 2004.

WHEREFORE, it is respectfully requested that the debtor's attorney's request for fees be denied.

Respectfully submitted,

Charles H. Acker, III
Counsel for Capital City
Mortgage Corporation
1223 11th Street, N.W.
Washington, D.C. 20001
(202) 289-8474 ext 105

Certificate of Service

I hereby certify that a copy of the foregoing Response to Dector's Attorney's Statement of Fees and Costs was mailed first class mail, postage prepaid to Marcia K. Docter 666 11th Street, N.W. Suite 1010, Washington, D.C. 20001 this 27th Day of December 2004.

Charles H. Acker, III

Docter, Docter & Lynn, P. C.
666 11th Street N.W.
Suite 1010
Washington, DC 20005

April 25, 2003

Janice Stewart
3401 Borthers Place, S.E.
P. O. Box 54010
Washington DC 20032-1515

**FILED**

DEC 27 2004

Denise H. Curtis, Clerk
U.S. Bankruptcy Court for D.C.

Client No. 780

Invoice # 10021

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/28/00 | MKD | Read and review documents for 341. | 0.30 300.00/hr | NO CHARGE |
| | MKD | Court appearance for 341. | 1.40 300.00/hr | NO CHARGE |
| | MKD | Prepare Amended Plan. | 0.30 300.00/hr | NO CHARGE |
| 2/29/00 | MKD | Read and review Response to Objection to Claim. | 0.30 300.00/hr | NO CHARGE |
| 3/1/00 | MKD | Telephone conference with Watson regarding continuance. | 0.20 300.00/hr | NO CHARGE |
| | MKD | Prepare interrogatories and request for production. | 1.20 300.00/hr | 360.00 |
| | MKD | Telephone conference with Carmen regarding insurance policies. | 0.30 300.00/hr | 90.00 |

*Exhibit A*

Janice Stewart

Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/1/00 | MKD | Telephone conference with Capital Council regarding tax arrearage. | 0.10<br>300.00/hr | 30.00 |
| 3/7/00 | MKD | Revise interrogatories and prepare letter to Watson regarding continuance. | 0.50<br>300.00/hr | 150.00 |
| 3/8/00 | MKD | Prepare letter to Watson and telephone conference regarding date. | 0.20<br>300.00/hr | 60.00 |
| 3/10/00 | MKD | Telephone conference with Butler regarding tax bills. | 0.30<br>300.00/hr | 90.00 |
| 4/5/00 | MKD | Read and review responses to discovery. | 0.50<br>300.00/hr | 150.00 |
| 4/18/00 | MKD | Prepare letter response to Watson's letter. | 0.30<br>300.00/hr | 90.00 |
| | MKD | Prepare letter in response to Watson "objectin"; revise same (3x). | 1.00<br>300.00/hr | 300.00 |
| 4/24/00 | MKD | Telephone conference with Watson. | 0.30<br>300.00/hr | 90.00 |
| | MKD | Prepare Amended Notice of Deposition. | 0.10<br>300.00/hr | 30.00 |
| | MKD | Prepare letter to Watson. | 0.30<br>300.00/hr | 90.00 |
| 5/9/00 | MKD | Prepare Answers to Interrogatories. | 0.60<br>300.00/hr | 180.00 |
| 5/12/00 | MKD | Prepare, revise answer to interrogatories. | 1.50<br>300.00/hr | 450.00 |
| | MKD | Prepare answers to production of documents. | 1.30<br>300.00/hr | 390.00 |

Janice Stewart

Page    3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/12/00 | MKD | Prepare, revise answers to interrogatories. | 1.50<br>300.00/hr | 450.00 |
| | MKD | Prepared, revise answer to documents. | 1.30<br>300.00/hr | 390.00 |
| 5/15/00 | MKD | Prepare subpoenae. | 0.30<br>300.00/hr | 90.00 |
| 5/16/00 | MKD | Telephone conference with Watson regardig pending matters. | 0.30<br>300.00/hr | 90.00 |
| | MKD | Prepare motion for violation of stay. | 0.50<br>300.00/hr | 150.00 |
| 5/18/00 | MKD | Conference with Watson, Kuhn regarding ledger. | 2.00<br>300.00/hr | 600.00 |
| 5/21/00 | MKD | Telephone conference with Watson - consents to a continuance. | 0.10<br>300.00/hr | 30.00 |
| 6/16/00 | MKD | Telephone conference with Letisha Watson. | 0.20<br>300.00/hr | 60.00 |
| | MKD | Read and review papers Leticia Watson sent regarding costs, etc. | 0.50<br>300.00/hr | 150.00 |
| | MKD | Review Motion for Relief From Stay. | 0.10<br>300.00/hr | 30.00 |
| 6/19/00 | MKD | Prepare response to Motion for Relief from Stay, read and review file in connection with. | 1.50<br>300.00/hr | 450.00 |
| | MKD | Revise response to Motion for Relief From Stay. | 0.30<br>300.00/hr | 90.00 |
| | MKD | Prepare letter to DC; Telephone conference with Nancy Smith regarding DC tax claim. | 0.30<br>300.00/hr | 90.00 |

Janice Stewart

Page    4

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/20/00 | MKD | Telephone conference with client regarding status, insurance, taxes, confirmation and Plan. | 0.30 300.00/hr | 90.00 |
| 7/5/00 | MKD | Telephone conference with Mark Foster regarding Sanne's testimony. | 0.30 300.00/hr | 90.00 |
| | MKD | Read and review file and prepare exhibits for hearing. | 1.00 300.00/hr | 300.00 |
| 7/6/00 | MKD | Court appearance Motion for Relief From Stay hearing. | 1.00 300.00/hr | 300.00 |
| 7/7/00 | MKD | Telephone conference with Foster regarding Sanne and the 5th. | 0.30 300.00/hr | 90.00 |
| 7/10/00 | MKD | Prepare for hearing. | 2.00 300.00/hr | 600.00 |
| 7/11/00 | MKD | Court appearance objection to claim of Capital City. | 2.00 300.00/hr | 600.00 |
| 7/17/00 | MKD | Telephone conference with client regarding status of Capital City claim, taxes, insurance, motion for sanctions. | 0.30 300.00/hr | 90.00 |
| 8/1/00 | MKD | Telephone conference with Watson re hearing. | 0.20 300.00/hr | 60.00 |
| | MKD | Telephone conference with Nancy Smith, Assistant Corporation Counsel, re D.C. claim. | 0.20 300.00/hr | NO CHARGE |
| | MKD | Prepare Consent Order re D. C. claim. | 0.30 300.00/hr | NO CHARGE |
| 8/23/00 | MKD | Letter to Watson regrding $700 charge. | 0.20 300.00/hr | 60.00 |
| 8/28/00 | MKD | Telephone conference with Leitisha Watson regarding accounting issues, meeting. | 0.20 300.00/hr | 60.00 |

Janice Stewart

Page     5

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/20/00 | MKD | Read and review payment status, tax bill, prepare letter to DC regarding tax bill. | 0.50 300.00/hr | NO CHARGE |
| 11/9/00 | MKD | Telephone conference with Leticia Watson regarding scheduling meeting to straighten out loan history, and regarding modification negotiated with Sanne. | 0.20 300.00/hr | 60.00 |
| 2/7/02 | MKD | Read and review file. | 0.70 300.00/hr | 210.00 |
| | MKD | Prepare adversary proceeding. | 1.00 300.00/hr | 300.00 |
| 6/18/02 | MKD | Court appearance - status hearing. | 1.00 300.00/hr | 300.00 |
| | MKD | Prepare letter to Asher; left phone message. | 0.30 300.00/hr | 90.00 |
| 7/2/02 | MKD | Court appearance status hearing. | 0.80 300.00/hr | 240.00 |
| 7/8/02 | MKD | Prepare interrogatories and production of documents. | 1.00 300.00/hr | 300.00 |
| 8/7/02 | MKD | Telephone conference with Letisha Watson regarding our claim, possibility of settlement. | 0.20 300.00/hr | 60.00 |
| 8/8/02 | MKD | Prepare letter and documents to Capital City. | 0.60 300.00/hr | 180.00 |
| 11/7/02 | MKD | Prepare notice of deposition. | 0.10 300.00/hr | 30.00 |
| 12/20/02 | MKD | Conference with client regarding status, trial, documents needed. | 1.00 300.00/hr | 300.00 |
| 12/23/02 | MKD | Prepare pre-trial (initial draft). | 1.00 300.00/hr | 300.00 |

Janice Stewart

Page    6

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/23/02 | MKD | Telephone conference with Foster regarding Sanne. | 0.20 300.00/hr | 60.00 |
| | MKD | Telephone conference with Boddie regarding testimony. | 0.10 300.00/hr | 30.00 |
| 12/24/02 | MKD | Revise Pretrial Statement. | 0.50 300.00/hr | 150.00 |
| 12/31/02 | HDW | Prepare pre-trial statement. | 1.50 185.00/hr | 277.50 |
| 1/3/03 | HDW | Draft response to Watson's letter. | 0.40 185.00/hr | 74.00 |
| 1/14/03 | MKD | Read and review file. | 2.00 300.00/hr | 600.00 |
| | MKD | Prepare Responses to Interrogatories. | 3.00 300.00/hr | 900.00 |
| | MKD | Conference with Henry Docter regarding trial; motion for sanctions, etc. | 1.00 300.00/hr | 300.00 |
| 1/15/03 | MKD | Revise Responses to Interrogatories. | 0.50 300.00/hr | 150.00 |
| 1/21/03 | MKD | Read and review defendant's pre-trial statement. | 0.60 300.00/hr | 180.00 |
| | MKD | Telephone conference with Watson. | 0.30 300.00/hr | 90.00 |
| | MKD | Prepare additional exhibits. | 0.50 300.00/hr | 150.00 |
| | HDW | Prepare with Mkd for Court appearance. | 1.00 185.00/hr | 185.00 |

Janice Stewart

Page    7

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/22/03 | MKD | Court apprearence pre-trial. | 2.00 300.00/hr | 600.00 |
| | HDW | Attend hearing with MKD.  Assist with organization of documents. | 2.10 185.00/hr | NO CHARGE |
| 1/30/03 | HDW | Review MKD's and DDL"s legal bills.5 | 0.50 185.00/hr | 92.50 |
| 1/31/03 | MKD | Read and review fees incurred. | 0.20 300.00/hr | 60.00 |
| | MKD | Telephone conference with Watson regarding fees incurred ($13,600). | 0.20 300.00/hr | 60.00 |
| 2/3/03 | MKD | Read and review pretrial exhibits of defendant. | 1.30 300.00/hr | 390.00 |
| | MKD | Compare with trustee's records. | 1.00 300.00/hr | 300.00 |
| 2/5/03 | MKD | Prepare objections to defendnat's exhibits. | 0.50 300.00/hr | 150.00 |
| 3/11/03 | MKD | Draft letter to Watson regarding possible stipulations. | 0.20 300.00/hr | 60.00 |
| | MKD | Telephone conference with Watson regarding possible stipulations. | 0.20 300.00/hr | 60.00 |
| | MKD | Read and review file regarding amounts due in preparation for telephone conference with Watson. | 0.30 300.00/hr | 90.00 |
| 4/4/03 | MKD | Read and review prior testimony of Jack Matis. | 3.30 300.00/hr | 990.00 |
| 4/9/03 | MKD | Read and review prior testimony of Kuhn. | 1.60 300.00/hr | 480.00 |

Janice Stewart

Page    8

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/20/03 | MKD | Read and review file regarding payments made. | 1.30 300.00/hr | 390.00 |
| 4/21/03 | MKD | Read and review prior testimony of Kuhn. | 1.50 300.00/hr | 450.00 |
|  | MKD | Prepare fax to Watson regarding Exhibit 1. | 0.10 300.00/hr | 30.00 |
| 4/22/03 | MKD | Conference with Hellen Mahmound regarding loan ledger payments. | 1.00 300.00/hr | 300.00 |
|  | MKD | Read and review  prior testimony of Kuhn. | 2.00 300.00/hr | 600.00 |
|  | MKD | Telephone conference with Finkelstein 2x  regarding testimony of Sanne. | 0.30 300.00/hr | 90.00 |
|  | HM | Read and review all Stewart files to gather all payments from January 1996 thru present. | 2.50 75.00/hr | 187.50 |
| 4/23/03 | MKD | Compare payments with Excel exhibits sent by Watson; read and review exhibits. | 2.00 300.00/hr | 600.00 |
|  | MKD | Complete review of prior testimony of Kuhn.  (3 volumes). | 0.30 300.00/hr | 90.00 |
|  | HM | Assemble exhibits and Exhibit list for Court and prepare Witness list for Court. | 1.50 75.00/hr | 112.50 |

For professional services rendered                74.10        $19,259.00

Additional Charges :

Court Costs                              65.00
Delivery Cost                             6.29
Fax                                      84.00
Long Distance                             9.56
Pacer-Court Access                        0.42

Janice Stewart

Page      9

| | Amount |
|---|---|
| Photocopies | 21.60 |
| Postage | 25.98 |
| Witness Fee | 165.00 |
| Total costs | $377.85 |

| | |
|---|---|
| Total amount of this bill | $19,636.85 |
| 8/25/00  Credit - Witness Fee check to Thomas K. Nash voided | ($35.00) |
| 8/25/00  Credit - Witness fee check to Stephen Kuhn voided | ($35.00) |
| Total payments and adjustments | ($70.00) |
| Balance due | $19,566.85 |

## Timekeeper Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Hellen Mahmoud | 4.00 | 75.00 | $300.00 |
| Henry D. W. Docter | 3.40 | 185.00 | $629.00 |
| Marcia K. Docter | 61.10 | 300.00 | $18,330.00 |