## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
IN RE JANIS ANNETTE STEWART      :
                                 :
        Debtor                   :
                                 :
JANIS STEWART,                   :
                                 :
        Plaintiff,               :
                                 :
    v.                           :  Civil Action No. 05-1586 (JR)
                                 :
CAPITAL CITY MORTGAGE            :
CORPORATION,                     :
                                 :
        Defendant.               :
```

### MEMORANDUM OPINION AND ORDER

This matter comes on appeal from the United States Bankruptcy Court for the District of Columbia.  The issue presented, as characterized by both parties in their papers, is whether the provision for attorneys' fees in the parties' agreement to modify a note extends to the enforcement of the note itself.  I answer that question in the affirmative, and remand the case to the United States Bankruptcy Court for further proceedings consistent with this opinion.

### Background

In 1993, Janis Stewart received a loan from Capital City Mortgage ("Capital City") to finance the purchase of a family residence.  The loan was for $26,000 at 20% for ten years.  In 1996, Capital City declared Stewart in default and threatened foreclosure.  She responded with allegations of loan fraud against Capital City.  In August 1996, the parties executed a

document entitled "Settlement Agreement and Release" ("Settlement Agreement").  At the same time, and as recited in the Settlement Agreement, they executed a modified note ("Note") and Deed of Trust ("Deed").  The Note, for $37,500, had an interest rate of 9% with a monthly payment of $380.72.  Attached to the Settlement Agreement was an amortization table showing how each payment would be applied toward principal and interest.  The parties released all of their claims against one another under the previous note.

In December 1999, in violation of the Settlement Agreement, Capital City commenced foreclosure proceedings against Stewart alleging her default under the original 1993 loan.[1] Stewart then petitioned for bankruptcy protection and commenced this action to enforce the 1996 Settlement Agreement.  Capital City eventually conceded the validity of the Settlement Agreement, but the Bankruptcy Court conducted a trial to sort out various disputed charges that Capital City had added to Stewart's loan ledger.  In its order of November 10, 2004, the Bankruptcy Court ordered Capital City to record the Settlement Agreement, Note, and Deed, and resolved each of the accounting issues under

---

[1] The 1996 Deed of Trust was never recorded, and Capital City denied the validity of the new Note until well into this proceeding.  Capital City explains that its failure to initially recognize the 1996 Settlement Agreement was due to the loss of institutional memory that occurred when its president, Thomas Nash, suffered an accident that left him in a coma until his death on April 6, 2002.

the Note.  With these adjustments, the balance on Stewart's loan
ledger was reduced from $41,726.09 to $34,106.58.

The Bankruptcy Court instructed Stewart's counsel to
prepare a fee application pursuant to the Settlement Agreement's
provision for attorneys' fees for the prevailing party.  After
receiving that application, the court allowed Stewart's
application for all fees incurred before Capital City's
acknowledgment of the Settlement Agreement.  For the period after
Capital City's acknowledgment, the court allowed fees that were
related to tax and insurance issues, which the court held to have
been incurred enforcing the Settlement Agreement,[2] but disallowed
fees related to other disputed matters that the court found to
have been incurred enforcing the Note rather than the Settlement
Agreement.  Using an estimate that 90% of the post-acknowledgment
fees involved these excluded issues, the court limited Stewart's
recovery of attorneys' fees and costs to $11,429.66.

## Analysis

The only issue presented on this appeal is the scope of
paragraph 3 of the Settlement Agreement, which states:

> In the event that any party breaches any of the
> covenants, undertakings, or warranties of this
> *Agreement and Release*, any party that is damaged

---

[2] The court treated charges related to taxes and insurance
differently than other charges on the loan ledger because
paragraph 8 of the Settlement Agreement explicitly addresses
these issues and provides specific notice procedures for alleging
default of the tax and insurance provision.  Pl.'s Ex. 2 at 2.

> by the breach will be entitled to damages from the breaching party, including the amount of any counsel fees and other litigation expenses incurred in enforcing this *Agreement and Release*.

Pl.'s Ex. 2 at 1.  The Bankruptcy Court did not consider the Note and Deed to be part of the Settlement Agreement.  Rather, the court stated, the Settlement Agreement merely reflected the parties' agreement that the Note and Deed would be executed, and that those documents would separately govern the parties' rights. Pl's Ex. 1 at 33.  Accordingly, the court did not consider every missed payment or unjustified charge as a breach of the Settlement Agreement, but rather looked to the Note and Deed to determine what events must occur before attorneys' fees were to be awarded to either party.  Id.

My review is de novo.  Richardson v. Edwards, 127 F.3d 97, 101 (D.C. Cir. 1997).  The only evidence of record about the intent of the parties is the language of the instruments.  I find that the most reasonable construction of that language allows the recovery of attorneys' fees for any breach of the Settlement Agreement, and that the Note and Deed are part of the Settlement Agreement.

The language of the Settlement Agreement refers to the Note and Deed in several places.  The Settlement Agreement's preamble states, "[Capital City Mortgage] and [Stewart] have agreed to a modification of the terms of the Note, as set forth in a copy of the Note attached hereto as Exhibit A, and a

modification of the Deed, attached hereto as Exhibit B."  Pl.'s Ex. 1 at 1.  Paragraph 4 states, "This Agreement and Release and the Exhibits hereto, contain the entire agreement of the parties with regard to the matters set forth herein."  <u>Id</u>.  Most significantly, paragraph 6 states: "This modification supercedes all prior agreements.  Upon execution of this Agreement, [Capital City] will return to Maker the prior deed in lieu of foreclosure."  Paragraph 4's reference to "<u>this</u> modification" implies that the Settlement Agreement itself modifies the previous Note and Deed; but that is only possible if the modified Note and modified Deed are part of the Settlement Agreement.  Moreover, the paragraph's provision for the return of the deed upon the Settlement Agreement's execution makes little sense unless the execution of the agreement itself vitiated the prior deed.  This indicates that the parties understood the Settlement Agreement to represent and effectuate the modification.  Finally, paragraph 7 states, "The amortization schedule for the 180 payments of $380.72 each is attached hereto as Exhibit C."  <u>Id</u>. Including a statement about monthly payments under the Note on the face of the Settlement Agreement indicates that the terms of the Note were part and parcel of the Settlement Agreement.

This reading is consistent with the Bankruptcy Court's finding that the purpose of the Settlement Agreement was to reform the predatory nature of the previous note.  Pl.'s Ex. 1 at

34.  Seen in the light of this purpose, the provision for attorneys' fees makes the most sense if it is applied to any need to enforce any part of the parties' agreement.  If and to the extent that Stewart incurred legal fees to enforce the terms of the new Note against bogus fees, interest-on-interest charges, and other predatory practices, these expenses should be viewed as provided for by paragraph 3 of the Settlement Agreement.

### Conclusion

I conclude that the Settlement Agreement's provision for attorneys' fees "incurred in enforcing this *Agreement and Release*," Pl.'s Ex. 2 at 1, applies to enforcement of the Note and Deed.  This reading does not prevent the Bankruptcy Court from interpreting paragraph 3 of the Settlement Agreement in light of the agreement as a whole, including any provisions for attorneys' fees found in the Note or Deed.  Moreover, under this reading, Capital City may be entitled to attorneys' fees actually incurred for the issues on which it prevailed.  The case is remanded to the Bankruptcy Court for proceedings consistent with this opinion.

It is **SO ORDERED**.


JAMES ROBERTSON
United States District Judge


- 6 -